JOHN TERRELL v. THE STATE.

1. MISTAKE MADE BY CLERK IN DATE OF FILING AN INDICTMENT NOT MATERIAL.—If an indictment be found and returned by the grand jury in the District Court, and then filed by the clerk, its validity is not affected by a mistake made by the clerk in the date of his

entry in endorsing upon it the date of the filing. Such mistake cannot avail to sustain a motion in arrest of judgment.

2. ARREST OF JUDGMENT.—Exceptions for matters of form in the indictment, or clerical mistakes, must he taken before or at the trial. For such defects a motion in arrest of judgment cannot avail.

3. PROOF OF VENUE.—The venue of an offense charged to have been committed in Smith county is sufficiently proved by evidence that it was committed in Tyler; the statutes providing for holding the Supreme Court in Tyler recognizing it as the county seat of Smith county.

APPEAL from Smith. Tried below before the Hon. M. H. Bonner.

*Horace Chilton*, for appellant.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—The indictment charges the defendant with the theft of a hat from the storehouse of W. H. Cousins, in the county of Smith. The evidence showed unquestionably that he took the hat from the store, and went to another store at a short distance, where he was arrested with it in his hand, in no way concealed. He had gone out of Cousins' store with it openly in his hand, and had, even while thus holding it, had some conversation with W. H. Cousins near the door, who supposed that he had bought it from some of his clerks. Neither W. H. Cousins nor any of his clerks consented to his taking the hat, nor was there anything developed that in the least degree placed him in the attitude of having traded for the hat. Upon his request a clerk had shown him some hats, and while he had this one in his hand examining it, the clerk was called off by some other person. Defendant proved a good general character for honesty by three witnesses. Upon this evidence the jury returned a verdict of guilty, and assessed his punishment to two years' confinement in the penitentiary.

The defendant moved for a new trial on several grounds. One was that there was not sufficient evidence of a fraud-

ulent intent in taking the hat. It was certainly a very un-
usual mode of stealing property; and one naturally looks
for some explanation showing it to have been an act of in-
advertence. Still the evidence discloses nothing of the
kind. If he said anything exculpating himself, it was not
drawn out. It was shown that there were other persons
trading in both of the stores when he had the hat, and on
the sidewalk along which he passed from one to the other.
It may have been that he took it thus openly as the best
mode, by producing the impression that he had bought it
from some of the clerks. The defendant, to strengthen
this ground for a new trial, added another, to the effect
that he could prove by a certain witness that he was drunk
at the time of taking the hat. But it is hardly necessary
to consider the effect of that fact, as the showing is not suf-
ficient. He does not produce the affidavit of the witness
nor state his residence, or swear that he was drunk. The
taking, then, of the hat, and going off with it, is left to stand
in full force against him, opposed by nothing but his proof
of good character previously; and upon this the jury found
him guilty. We cannot reverse their finding, as we can-
not say that there is a deficiency in the proof, nor that there
is any preponderance of evidence in his favor.

Another ground which it is deemed important to con-
sider is that which is presented in the motion in arrest of
judgment, as follows: "That the indictment does not show
that it was returned into a proper court, or that it was
properly returned or filed."

The caption and body of the indictment, taken together,
purport to be a finding of the grand jury of Smith county,
in the District Court, at the November term, 1873. In
the margin, in connection with the copy of the indict-
ment as contained in the transcript, is the entry by the
clerk: "Indictment filed Nov. 28, 1874." In the intro-
ductory part of the transcript it is recited that this cause
came on for trial at the September term, 1874.

30

There is also, immediately following this introduction, a recital of the clerk that this, with a number of other bills of indictment, was returned into court "November 28, 1874," which is merely a recital of a fact by the clerk, and is not a copy of any entry in the records of the court, nor does it purport to be.

If it recites the entry on the minutes of the court correctly as to the date, it is clearly a mistake of 1874 for 1873, the former being an impossible date in reference to any action of the court in this case, not having yet arrived. We cannot reasonably suppose that this ground of the motion in arrest of judgment had any reference to this recital by the clerk in the transcript. It may, however, have referred to the mistake in the entry of the date of the filing of the indictment, if, as may be inferred from the transcript, that the indictment was indorsed, "Filed Nov. 28, 1874." Supposing this to be the case, it is sufficient to show that the indictment was filed, which is the depositing it with the clerk. The entry by the clerk is the authentic evidence of the act of filing. If the indictment was found and returned by the grand jury in the District Court of Smith county, at the November term, 1873, as indicated by the indictment itself, and was then filed by the clerk, it was a valid indictment, notwithstanding the clerk, in the effort to furnish authentic evidence of the fact of filing, might make a mistake in the date of his entry in indorsing what is commonly called his filing upon it. This file entry becomes a part of the record of the case, and if there should be a mistake in it, upon motion of any party interested, it may be corrected as other records. If no such motion is made by either party, and the defendant goes into the trial under such an indictment, without objection, and is convicted, is such a mistake a good ground in arrest of judgment, as attempted in this case? A reference to the Code of Criminal Procedure will show that it is not.

"The effect of arresting a judgment is to place the defendant in the same position he was before the indictment or information was presented." .(Pas. Dig., art. 3145.)

"A motion in arrest of judgment shall be granted upon any ground which would be good upon exception to an indictment or information, for any substantial defect therein." (Pas. Dig., art. 3143.)

"No judgment shall be arrested for want of form." (Pas. Dig., art. 3144.)

Thus it is obvious that a good ground for a motion in arrest of judgment must be some substantial defect which would set aside the indictment entirely, if raised at the proper time on exception. An exception to a mere defect in form in the indictment, or on account of any clerical mistake in the proceedings in the case which is amendable, should be taken before or at the trial.

By reference to the article in the code which prescribes the exceptions to the substance of the indictment, it will be found that such a mistake in the file entry as the one here complained of is not embraced. (Pas. Dig., art. 2954.) "'That the indictment does not appear to have been presented in the proper court," is a ground of exception to the form of the indictment, as expressly provided by the code. (Pas. Dig., art. 2955.) Defendant having failed to make that exception before trial and conviction, cannot be heard to make it in arrest of judgment, even if the indictment was liable to that exception in this case.

A close attention to the admirable arrangement in the code of the proceedings in a criminal prosecution, and the time and manner of making exceptions to them, will relieve this case, as it will generally do, of all apparent difficulty.

Another objection is that there was no venue proved, which objection was made for the first time in this court. The statement of facts shows that W. H. Cousins' storehouse was in the town of Tyler; but not a single witness is

made to say that it was in the county of Smith, in the State of Texas. This was most probably a neglect of proper care in making a statement of facts. For it would be a culpable oversight in any prosecuting attorney not to prove the time and place, as charged in the indictment.

However that may be in this case, the court may know *ex officio* that Tyler is in the county of Smith.

The statute that provides for holding the Supreme Court at this place, if there were no others, recognizes Tyler as being in Smith county. This court would hardly reverse a conviction for the want of the proof of a fact of which the District Court and this court can take judicial notice.

AFFIRMED.