## Hattie Hoffman *v.* The State.

1. Venue — Judicial Cognizance.— General statutes which recognize the location of a given town will authorize judicial knowledge of such location.   In the absence of such statutes, however, and in the absence of direct proof, this court cannot take judicial cognizance that a named town is in the county of the forum.
2. Same.— Venue may be proved by other than positive testimony.   If from the evidence the jury may reasonably conclude that the offense was committed in the county alleged, it is sufficient.   See the opinion for facts held sufficient to establish venue.

Appeal from the County Court of Bell.   Tried below before the Hon. W. M. Minyard.

The opinion sufficiently discloses the case.

*Boyd & Holman,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WILLSON, J. The defendant was convicted of the offense of keeping a disorderly house. The information charged the offense in the language of the statute. The only objection to the conviction which we think necessary to notice is that the evidence does not sufficiently prove the venue of the offense. The evidence shows that the house was situated on the southwest corner of the square in the town of Belton, but there is no direct evidence that the town of Belton is in Bell county. In *Terrell* v. *State*, 41 Texas, 463, the Supreme Court decided that it would take judicial notice of the fact that Tyler was in Smith county. This judicial knowledge, however, was based upon the fact that Tyler had been recognized in general statutes of the State as being in Smith county. We know of no general statute which recognizes Belton as being in Bell county, and therefore we have no judicial knowledge of its locality.

But still, we think, the statement of facts in this case contains sufficient evidence to establish the venue. It is shown that the defendant sold beer at this house, and it is further shown that the collector of taxes of Bell county issued to the defendant license to sell beer in Bell county for the period of one year from May, 1881. The offense was committed within the period covered by this license. The presumption is that in selling beer the defendant did not sell it in violation of law, but sold it by virtue of her license, and therefore sold it in Bell county.

It is not essential that venue be established by positive testimony. If from the facts in evidence the jury may reasonably conclude that the offense was committed in the county alleged, it is sufficient. The doctrine of reasonable doubt does not apply to the merely jurisdictional fact of venue. (*Deggs* v. *State*, 7 Texas Ct. App. 359; *Achterberg* v. *State*, 8 Texas Ct. App. 463.) The charge of the court instructed the jury that they must believe from the evidence that the offense was committed in Bell

county, before they could convict the defendant. Their verdict of guilty proves that the jury were satisfied as to the venue, and we think the evidence supports their finding.

The judgment is affirmed

*Affirmed.*