## [No. 2068.]

### ARCH LATHAM *v.* THE STATE.

1. VENUE — EVIDENCE.— See the opinion *in extenso* for evidence *held* insufficient to establish the venue of the alleged offense.
2. THEFT — FACT CASE.— See the statement of the case for evidence *held* insufficient to support a conviction for theft.

APPEAL from the County Court of Hunt. Tried below before the Hon. J. S. Sherrill, County Judge.

The conviction in this case was for the theft, in Hunt county, Texas, on the 26th day of November, 1884, of an overcoat, of the value of $5, the property of A. Deweese. The punishment assessed against the appellant was a fine of $5 and confinement in the county jail for the term of twenty-four hours. The indictment charged the appellant and Tom Latham jointly, but, a severance being awarded, the appellant was tried alone.

A. Deweese was the first witness for the State. He testified that he, in company with several of his neighbors, went to the town of Greenville with wagons, on the 26th day of November, 1884, and "put up" at Upthegrove & Patterson's wagon-yard. They arrived about 3 o'clock P. M., unhitched their teams, and went to town together. Witness saw two horses hitched in the wagon-yard, when he left it to go to town. On his return to the wagon-yard before sundown, an overcoat which he left in his wagon was gone; and the two horses were likewise gone. Witness recovered his overcoat from the defendant at his examining trial in January, 1885. The examining trial was had at Stringtown.

E. H. Hunnicutt was the next witness for the State. He testified that he went to the town of Greenville with A. Deweese and others on November 26, 1884. They reached town about 3 o'clock P. M., and put up at the wagon-yard of Upthegrove & Patterson. Witness saw two horses hitched in the yard. The several parties went

to town after unhitching their teams, and returned late in the evening, when witness heard it said that Deweese's overcoat was missing. The two horses which were in the yard when the party arrived were then gone.

Goodman Deweese, the father of A. Deweese, testified, for the State, that he was one of the parties who went with A. Deweese to Greenville on the 26th day of November, 1884. The party put up at Upthegrove & Patterson's wagon-yard. A. Deweese took an overcoat to town on that day and lost it. Witness afterwards, in January, 1885, saw the coat in the possession of the defendant in the village of Stringtown, where it was proved and recovered by A. Deweese. The coat was worth about $5.

Jack Patterson testified, for the State, that A. Deweese and others came with wagons to his wagon-yard, on the evening of November 26, 1884. Defendant and Tom Latham spent the previous night at witness's yard, and their horses were still there when Deweese and his party arrived. Deweese and the parties with him, and witness, went from the wagon-yard to town. When they returned to the yard late that evening, the horses of the defendant and Tom Latham were gone, and Deweese reported to witness that an overcoat which he had left in his wagon was missing. Witness saw the defendant on the next day, and was told by him that he knew nothing whatever about Deweese's overcoat, but heard that an overcoat had been found out in the country.

George Thomasson testified, for the State, that he was present when defendant and Tom Latham were arrested upon the charge of stealing Deweese's overcoat. Defendant was then in possession of the overcoat, which he said he had borrowed from his brother Tom Latham.

W. E. Wood was the first witness for the defense. He testified that, in November, 1884, he was living on the place of old man Latham, the father of the defendant and his brother Tom. Old man Latham lived about fifteen miles from Greenville. Witness went from his home to Greenville one day between the 15th and 20th of November, 1884, to procure medicine for a sick child. About noon on that day he encountered the defendant and Tom Latham in conversation with a man whom he did not know. The man was trying to sell an overcoat to defendant and Tom. He told them that he was "strapped" and was hunting work, and appealed to them to buy his overcoat for $2, to enable him to exist while hunting work. This occurred in the southeast corner of the public square in Greenville. Defendant examined the coat, said that he

could not buy it as he had no money, and advised his brother Tom to purchase it, as it was offered very cheap, and he, Tom, was in need of an overcoat. Thereupon Tom Latham examined the overcoat and paid the party $2 for it. The party declared that he sold the overcoat only because he was in absolute, pressing need of money. Upon the examining trial of the defendant and Tom Latham, in January, 1885, that same overcoat was proved by A. Deweese and given to him. Tom Latham was in the employ of Henry Wall, near Greenville, when he purchased the overcoat. He wore that coat to his father's place, which was in Deweese's neighborhood, on Christmas eve, and loaned it to the defendant, who wore it throughout the neighborhood openly, until he was arrested.

Ben Latham, a brother to defendant and Tom Latham, testified, for the defense, that he lived at his father's house about fifteen miles from Greenville. Witness was at home on Christmas eve, 1884, when Tom came to the house with an overcoat, which he said he had purchased for $2. On the day following, at Mose Smith's place, Tom Latham loaned that coat to the defendant, and the defendant wore it throughout the neighborhood until he was arrested for stealing it.

Mose Smith testified, for the defense, that Tom Latham, at witness's house, on Christmas, 1884, loaned his overcoat to the defendant.

Hiram Coleman testified, for the defense, that he was present at Mose Smith's on Christmas day, 1884, and saw Tom Latham lend his overcoat to defendant, and knew of his own knowledge that defendant thenceforward, until his arrest, wore that overcoat openly in Deweese's neighborhood. Defendant never claimed to own the coat.

*Montrose & Grubbs*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge. Appellant was convicted of the theft of an overcoat, the property of A. Deweese, his punishment being assessed at a fine of $5 and confinement in the county jail for twenty-four hours.

First error assigned is that the venue was not proved. Our learned assistant attorney-general, in his brief, admits "that the proof of venue appears to be very slight."

The coat was taken from Upthegrove & Patterson's wagon-yard, in the town of Greenville. This is quite clear from the evidence,

and defendant was seen in possession of the coat at Stringtown. We do not judicially know that Upthegrove & Patterson's wagon-yard, or Greenville, or Stringtown, are in Hunt county. This case is not analogous to *Terrell* v. *The State*, 41 Texas, 463.

When found in possession of the coat at Stringtown, appellant stated that he had borrowed the same from his brother, Tom Latham, and proved by several witnesses that in fact he had borrowed the coat from his brother. Defendant was wearing the coat at a public place, and made no effort at concealment, but stated and proved by several unimpeached witnesses the manner in which he came into possession of the coat. There was no effort to contradict his statement, which was reasonable; nor in any manner to impeach or throw suspicion upon the testimony of the witnesses who swore to these facts. Under these circumstances we think the evidence insufficient to support the verdict, and the court below, for this reason, should have granted appellant's motion for a new trial.

Because the venue was not proved, and because the verdict of the jury is not supported by the evidence, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

[Opinion delivered November 11, 1885.]