### Monroe McJunkins v. The State.

*No. 1195.   Decided February 3d, 1897.*

1. **Information—Date of Offense Subsequent to Date of Filing.**
 Where the information was filed the 21st of August, 1895, and alleged that the offense was committed 1st of September, 1895, nine days after the filing of the information. Held, the information was fatally defective.

2. **Complaint and Information—Variance.**
 Where the complaint alleged the date of the offense to be September 1st, 1894, and the information alleged the date to be September 1st, 1895, the variance was fatal.

Appeal from the County Court of Navarro. Tried below before Hon. M. L. Shelton, County Judge.

Appeal from a conviction for theft of two cords of wood; penalty, a fine of $25.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of the theft of two cords of wood, and appeals. The complaint was filed in the County Court on May 7, 1895, charging that the defendant committed said theft on the 1st day of September, 1894. The information was filed on August 21, 1895, charging that the theft was committed on the 1st day of September, 1895. There are two fatal defects: First, it is charged in the information that the offense was committed nine days after the information was filed, and several months after the complaint was filed; and, second, the complaint charges the offense to have been committed on September 1, 1894, and the information charges it to have been committed on September 1, 1895. This variance is fatal, and the information is fatally defective in alleging that the offense occurred subsequent to the filing thereof. The judgment is reversed, and prosecution ordered dismissed.

*Reversed and Ordered Dismissed.*