### THEO. SCRIVENER v. THE STATE.

No. 2537. Decided October 29, 1902.

**1.—Bill of Exceptions to Excluded Testimony.**

A bill of exceptions to the exclusion of testimony relating to a transaction between defendant and a third party must, to be sufficient, show the purpose for which the testimony was sought to be introduced.

**2.—Transfer of Indictment—Motion in Arrest.**

It is too late after trial to move in arrest of judgment because the court had permitted the introduction of evidence to show a clerical mistake in the filing of the indictment in the county court, and permitting the county attorney to file a new transcript from the district court.

**3.—Same—Mistake in Date of Filing of Indictment.**

A mistake in the date of the filing of an indictment must be availed of before, or at the trial; it is not available on motion in arrest of judgment.

**4.—Clerk's Amendment of His Signature to File Mark.**

It is not error to permit the clerk to amend the signature to the file mark on the indictment.

**5.—Disorderly House—Evidence Sufficient.**

See opinion for a brief summary of facts proved held sufficient to support a conviction of knowingly permitting a house owned by defendant to be kept as a disorderly house.

Appeal from the County Court of Lamar. Tried below before Hon. Wm. Hodges, County Judge.

Appeal from a conviction of permitting a house under his control to be kept as a disorderly house; penalty, a fine of $200.

The opinion states the case.

*O. P. Hale, E. W. Fagan,* and *B. B. Sturgeon,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with violating the disorderly house statute, in that he was then and there the owner, lessee and tenant of a house, and did unlawfully keep, and was concerned in keeping, and did then and there unlawfully and knowingly permit to be kept, said house for the purpose of prostitution, and where prostitutes were permitted to resort and reside for the purpose of plying their vocation. He was convicted and fined $200.

The first bill of exceptions was reserved to the action of the court refusing to permit one of appellant's attorneys, Hale, to testify that appellant had spoken to him about the sale of the house and lot in question to one Dora Gaston, and to detail the conversations that occurred between himself and appellant at the time of drawing the bond for title from appellant to Dora Gaston; that the purpose of appellant in giving the bond for title was to fix the matter so that he would be sure to collect his money or get the place back; that witness informed him that he could either make the bond for title or execute deed, reserving vendor's lien, and they decided to execute the bond for title; that on the day of the execution of the bond for title the grantee, Dora Gaston, before witness wrote the instrument, stated that she wanted the papers fixed so that when the note was paid she could get a good title to the property, and that she relied on the witness to so fix the papers that her rights would be protected, and that he so wrote the papers; that there was no suggestion or intimation from either appellant or Dora Gaston that the transaction was bogus, or a renting, or anything of that kind, but it was witness' understanding that it was a bona fide transaction; and that when the note should be paid Dora Gaston would own the property, and would be entitled to a deed, and that witness so informed appellant and Dora Gaston. This was objected to by the county attorney on the ground that it was self-serving declaration, and therefore inadmissible. The court sustained the objection and excluded the testimony. The bills fail to state for what purpose this testimony was sought to be introduced. This was a transaction between appellant and Blanche Morgan, who had rented the house from appellant, and she was in no way connected with, or privy to, the contract about which the witness proposed to testify. This bill, in order to be considered by this court, should have shown the purpose for which this testimony was sought. As the bill presents the matter, there was no error in the ruling of the court.

Another bill states that, after the cause had been tried and judgment rendered, and after motion in arrest of judgment had been filed and presented, and after motion for new trial had been presented, and before being passed upon, the county attorney introduced evidence to show that the date of the filing of the indictment in the county court,

as shown by the file mark, was wrong, and the indictment, as shown by the books of the county clerk, was filed at a date one year later than the file mark showed.   Appellant contends that the court further erred in permitting the clerk to testify that the file mark was a clerical error, caused by error in the stamp file mark, and that the court erred in permitting the county attorney to file a new transcript from the district court; his objection being that it was too late to introduce evidence in regard to these matters, and to file a new transcript, and, further, because no proper written motion had been 'made authorizing the admission of said evidence, and no written motion was made asking the court to have the correct date for filing in the county court made nunc pro tunc.   These matters all come too late after the trial.   Thompson v. State, 2 Texas Crim. App., 82; Friedlander v. State, 7 Texas Crim. App., 204; Bonner v. State, 38 Texas Crim. Rep., 599.   It will be noted that the only objection urged to the order of transfer was that the clerk put the date of the filing in his court one year earlier than it did in fact occur.   If this matter could be taken advantage of at all, it should have been done before, and not after the trial.   A mistake in the date of filing the indictment must be taken advantage of before or at the trial; it is not available on motion in arrest of judgment.   Terrell v. State, 41 Texas, 463.   Nor is it error to permit the clerk to amend the signature to the file mark on an indictment, nor is it error pending the proceedings in the case to permit the clerk to explain an omission by indorsing his file mark on the indictment.   For authorities, see White's Ann. Code Crim. Proc., sec. 330, subdiv. 7.   There is no error in the action of the court in regard to this matter.

It is contended that the evidence is not sufficient to support the conviction.   The paragraph of the motion relied upon seems to be that the evidence fails to show that appellant was so connected with the house as to bring him within the inhibition of the statute, or, rather, to connect him as one of the parties mentioned in the statute.   The evidence shows that appellant executed to Dora Gaston a bond for title; that Dora Gaston died, and subsequently appellant rented the house to Blanche Morgan, and collected $25 per month rent from her; that Blanche Morgan was in no way connected with the transaction between Dora Gaston and appellant; that the contract between appellant and Blanche Morgan was one simply of rent; that appellant paid the taxes upon the property and received the rents from Blanche Morgan.   The facts are uncontroverted that the house was rented for the purpose of prostitution; that he permitted her to stay there for that purpose; that he was there every day, and sold her milk for herself and the inmates of her house.   There is no question but that he knew the house was rented for the purpose of prostitution.

The judgment is affirmed.

*Affirmed.*