## H. J. Stockton v. The State.

No. 5979.   Decided November 24, 1920.

1.—Wilfully Opening Gate of an Enclosure of Another—Compaint—Jurat—Motion in Arrest of Judgment.

An objection to the complaint upon which the information is based by motion in arrest of judgment in reference to the jurat to the complaint, comes too late and should be made by motion to quash.   Following Flournoy v. State, 51 Texas Crim. Rep., 29.

2.—Same—Date of Offense—Motion in Arrest of Judgment.

Where, the motion in arrest of judgment alleged that the date of the offense as stated in the information was different from that alleged in the complaint, and the original papers in the record bear out this contention, and this being a matter of substance and not of form the motion in arrest of judgment should have been sustained.   Following Drummond v. State, 4 Texas Crim. App., 150, and other cases.

3.—Same—Rules Stated—Date of Offense—Variance.

The rule is that a variance between the complaint and information as to the time of the offense is fatal.   Following Hawthorne v. State, 6 Texas Crim. App., 562, and other cases.   Overruling Shelton v. State, 27 Texas Crim. App., 443.

4.—Same—Complaint—Practice on Appeal.

Where, the complaint is apparently sufficient when properly amended, the case is reversed and remanded for further proceedings.

Appeal from the County Court of Cameron.   Tried below before the Honorable H. L. Yates.

Appeal from a conviction of willfully opening the gate of an enclosure of another; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On motion to quash: Cited Hamilton v. State, 145 S. W. Rep., 351.

LATTIMORE, JUDGE.—In this case appellant was convicted in the County Court of Cameron County, of a misdemeanor, and his punishment fixed at a fine of $10.

No motion for a new trial appears to have been made by appellant, and no motion was made to quash the complaint or information; but appellant made a motion in arrest of judgment, raising two questions, which are presented and relied upon in this Court. The first complains because of the fact that in the body of the complaint, and affixed thereto, appears the name of Joe Reid, as the maker of said affidavit and complaint, while in the jurat it is recited that said complaint is "sworn to and subscribed by A. B. Cole." This would be a sufficient objection to the complaint, if made in a motion to quash, unless the State saw fit to amend, but it has been held that if such objection is made before the trial court, that the mistake in the name of the affiant, as set out in the jurat, may be amended. Flournoy v. State, 51 Texas Crim. Rep., 29. This being the case, we hold that this objection comes too late after judgment, and that we cannot sustain same.

It was also raised by motion in arrest of judgment, and is here presented, that the date of the offense, as alleged in the information, is different from that alleged in the complaint. The original papers appear to have been sent up with the record, and from our inspection of same, we have concluded that the objection was well founded. The complaint alleges the offense as being committed on the 22d day of November, 1919, while the information alleges same to have taken place on the 2d day of said month. It seems to have been almost uniformly held by this Court that the time of the offense is a matter of substance, and that the same cannot be amended. Drummond v. State, 4 Texas Crim. App., 150; Sanders v. State, 26 Texas 120; Goddard v. State, 14 Texas Crim. App., 566; Huff v. State, 23 Texas Crim. App., 291.

It is also pointedly held in many cases, that a variance between the complaint and information as to the time of the offense, is fatal. Hoerr v. State, 4 Texas Crim. App., 75; Hawthorne v. State, 6 Texas Crim. App., 562; Hefner v. State, 16 Texas Crim. App., 573; Huff v. State, 23 Texas Crim. App., 291; Baumgartner v. State, 23 Texas Crim. App., 335; McJunkins v. State, 37 Texas Crim. Rep., 117; Jennings v. State, 30 Texas Crim. App., 428.

In Cole v. State, 11 Texas Crim. App., 67, Judge Winkler says of such variance: "The demands of the law seem to be met when there is a substantial agreement between the affidavit and the information in matters of substance. They must agree as to the time and place of the commission of the offense, etc."

We have been referred to but one case, and have been unable to find but that one, in which it appears that this Court has upheld the State's pleadings when there was a variance between the complaint and the information, as to the time of the offense. See Shelton v.

State, 27 Texas Crim. App., 443. An examination of this case discloses, however, that the opinion, as prepared and announced by the Court, does not state in what particular there was a variance between the complaint and information, but simply states that such variance is immaterial. In the syllabus of the case, it is stated by the reporter, that the variance was as to the time. This case seems to be against the large majority of the holdings, and we are not inclined to follow it. We think there should be agreement between the complaint and information, as to the time of the offense, and that inasmuch as this was a matter of substance, it could be raised by a motion in arrest of judgment.

The complaint being apparently sufficient, subject to the suggested amendment to the jurat, we think it would be proper for the prosecution to file a new information based thereon, if they see fit; and in view of this fact, the case will be reversed and remanded only.

*Reversed and remanded.*