## Jethro Holmes v. The State.

No. 11071.   Delivered December 14, 1927.
Rehearing denied October 17, 1928.

The opinion states the case.

*Ras Young* and *W. C. Shoults* of Longview for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, Judge.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

While the case rests upon circumstantial evidence, we are not disposed to regard the facts as insufficient to support the conclusion of guilt. Based upon information obtained in some manner not disclosed by the record, officers went down into a bottom near a highway to a point on a "Woods road" leading off from said highway. The Woods road seemed to give evidence of much travel. The officers secreted themselves. Presently a car drove up, its occupants honked the horn, and appellant came out of a clump of bushes to the car, and engaged said occupants in a conversation unheard by the officers. Two men got out of the car. They had two containers which they placed upon the ground. Appellant had a pistol in a scabbard around his waist. The officers advanced upon the party at this juncture and took them in charge. Search of the immediate vicinity revealed four 5 gallon kegs, one of which was empty but had about it the odor of whiskey; another was half full of whiskey, and the other two were full of the same fluid. The kegs were concealed under trash and bushes and behind logs. At a point about one hundred yards distant appellant's car was found located. While the officers were making this search another car drove up in this Woods road and stopped.

There are nine bills of exception. We do not regard the overruling of the application for continuance as being erroneous. It was because of the absence of the wife of appellant. It is stated in the application that if present she would testify that she went with appellant from their home to Longview on the day he was arrested and that he had no whiskey in his car. We are not disposed to believe this evidence of such materiality and weight as to make it apparent that the refusal of the trial judge to postpone or continue the case was an abuse of the discretion confided in him, in determining that if the evidence had been before the jury it would likely not have produced a different result. The case had been continued three times before. Complaint is also made that the court permitted the district clerk to place upon the indictment a file mark as of the date same was originally returned. This was not erroneous.

Objection to the testimony of the sheriff that he had information that some person was in the bottom with whiskey, which objection was that "said information was based on hearsay," brings nothing before us. We do not know whether the information was based on hearsay or not. Nothing in the bill supports the proposition that it was.

We do not believe there is any point in the objection to proof of the fact that another car came down the Woods road while the officers had appellant under arrest and were searching the vicinity. The more cars or car tracks found in the immediate vicinity of where the whiskey was located,—the stronger the inference of its possession for purposes of sale.

Bill of exceptions No. 5 presents objection in solido to two questions which called for different answers. One of the questions is clearly permissible and presents no error. If true that the answer to the other involved hearsay, it is plain there was nothing in it personal to the appellant or that could have had an injurious effect upon his case. It involved merely the statement of one of the men who came up in the car to the effect that he had been told whiskey might be bought in the bottom. We doubt the sufficiency of the bill to bring before us anything more than the single objection to both questions. No motion appears to have been made to strike out the answer to the second question complained of in said bill.

Bill of exceptions No. 6 presents the same character of complaint as appears in the third bill which is briefly discussed above. A bill of exceptions complaining in general terms of the refusal of motion for new trial, which motion merely reiterates the various errors of procedure supposed to have occurred during the progress of the trial, brings nothing before this court.

Bills of exception Nos. 8 and 9 were taken to the refusal of a peremptory instruction of acquittal, and to the refusal of a special charge believed by appellant to present more pertinently the theory of circumstantial evidence. We see no advantage from setting out either of said charges. The charge of the court on circumstantial evidence was very full and fair and in accord with approved precedents.

Being unable to agree with any contention made by the appellant, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion reiterates the points insisted upon by him originally as grounds for reversal. They were considered in our former opinion. It may be admitted that one or two statements from some witnesses embraced "hearsay," but we cannot conclude that such fact calls for a reversal when the case is considered in its entirety.

The motion for rehearing is overruled.

*Overruled.*