# H. C. CORLEY V. STATE.

No. 31,139. December 9, 1959.
Motion for Rehearing Overruled January 20, 1960.

*Tom M. Miller,* Graham, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for horse theft; the punishment, two years.

The testimony of the state shows that in the fall of 1958, Horace Lee Grider and the appellant had been engaged as partners in buying and selling feed; that Grider had loaned appellant some money; and in November appellant told Grider that he needed more money, and Grider said that he could not let him have it. Then appellant sold Grider a bay mare and her colt, a palomino mare, and a stock trailer for $400. Appellant delivered to Grider a notarized bill of sale describing said property, dated November 5, 1958, and Grider then gave him $400 in money. The property at the time of the sale was located on appellant's farm in Comanche County. About December 15, appellant delivered the palomino and the colt to the rodeo pens a short distance from Grider's residence in Rochester, Haskell County, but retained the trailer for sometime until Grider unhitched it from appellant's pick-up and took it to his place.

Grider testified that he fed and cared for the palomino and had the actual possession of her after she was placed in the rodeo pens; and thereafter she remained in his possession at all times

until the appellant removed her from the rodeo pen without his consent and delivered her to Kenneth Russell, on January 8, 1959. Grider testified further that he did not loan appellant the $400 and never agreed to hold the bill of sale as security for it.

Kenneth Russell testified that on January 8, 1959, he loaned H. C. Corley $125 and took possession of the palomino mare which he knew had been in the rodeo pens for about one month with the agreement that if the appellant did not repay the $125 in thirty days then the palomino mare would belong to him.

Pete Huntsman, a notary public, testified that on November 5, 1958, at the request of appellant, he prepared and notarized a bill of sale for him which described a bay mare and colt, a palomino mare, and a stock trailer, to Horace Lee Grider for the recited consideration of $400.

Appellant testifying in his own behalf stated that Grider gave him $400 in money on November 5, at which time he delivered Grider a bill of sale covering the bay mare and colt, a palomino mare, and a stock trailer, but that the bill of sale was given only as security for the $400 loan. He further testified that the possession of the palomino was never delivered to Grider, and that he had the possession of her at all times until he delivered her to Kenneth Russell as security for a $125 loan. He also testified that he had paid the $400 loan from Grider, by several transactions, before he let Russell have the palomino on the $125 loan.

The testimony of several witnesses called by the appellant corroborated his testimony pertaining to his transactions with Grider.

The jury resolved the issues of fact against the appellant and the evidence is sufficient to support their verdict.

Appellant contends that the trial court erred in admitting in evidence a check for $450 that was dated the same day as the bill of sale over his objection that it was an ex parte transaction and not binding on him.

The testimony of the witness Grider, without objection, shows that he went into the bank while appellant waited outside and cashed a $450 check on the same day the appellant gave him the bill of sale, and he then gave appellant $400 of the $450. In this no error is shown.

It is insisted that this conviction for theft cannot stand because if an offense was committed it was that of theft by bailee instead

of theft. There are no objections to the court's charge or appellant's requested charges presenting this contention.

The evidence is sufficient to warrant the jury's conclusion that the offense of theft was committed as charged.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing appellant urges as error the action of the trial court in authorizing the clerk, by order entered at the conclusion of the evidence, to place a file mark on the indictment in the cause.

In the court's order it is certified that the indictment was returned in open court as provided by law, received by the court, delivered to the clerk and ordered filed as provided by law and that the clerk's failure to file the same was purely a clerical error.

In 1 Branch's Ann. P.C. 2nd Ed. par. 535 at pages 512 and 513 the following language is found: "Papers are considered filed when they are delivered to the clerk with the intent and purpose that they shall be kept among and treated as papers in the case, and if the file mark be omitted it may be supplied later by order of the court after evidence heard." * * * "The file mark may be placed on an indictment or information nunc pro tunc," citing authorities.

We find no error in the court's action in authorizing the clerk to place the file mark on the indictment in the cause and remain. convinced that the case was properly disposed of in our opinion on original submission.

The motion is overruled.

Opinion approved by the Court.