**Joel Dean BISHOP, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 48364–48366.

Court of Criminal Appeals of Texas.

April 10, 1974.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough, Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The convictions are for robbery; the punishment in each case, imprisonment for fifteen years. The three cases were consolidated for trial and the appellant entered pleas of guilty before the Court.

■ The appellate brief filed in the trial court in the only ground of error presented urges that the evidence is insufficient to support the conviction under the requirements of Article 1.15, Vernon's Ann.C.C.P. The appellant was sworn as a witness and in open court made a confession to each charge. A judicial confession is sufficient to support the conviction and meets the requirements of Article 1.15, V.A.C.C.P. See Spruell v. State, 491 S.W.2d 115 (Tex.Cr.App.1973); Battiste v. State, 485 S.W.2d 781 (Tex.Cr.App.1972); Williams v. State, 483 S.W.2d 460 (Tex.Cr.App. 1972); Sweeten v. State, 479 S.W.2d 297 (Tex.Cr.App.1972); Wallace v. State, 478 S.W.2d 499 (Tex.Cr.App.1972).

■ In a supplemental brief filed in this Court the day before the case was submitted, the appellant raises another ground of error which he asserts is fundamental and requires reversal. He says the offenses are alleged to have been committed subsequent to the filing of the indictment in each case and that therefore the indictments are fatally defective.

Each of the indictments was returned by the Grand Jury empaneled by the 178th District Court of Harris County for the November term, 1972. The offenses were alleged to have been committed and the proof shows they were committed on the 20th, 21st and 30th days of October, 1972.

On the margin of each indictment is the notation of the Clerk that the indictment was filed January 4, 1972, which is a date some ten months before the offenses were alleged to have been committed.

The appellant relies upon Article 21.02, Section 6, V.A.C.C.P., which reads as follows:

"An indictment shall be deemed sufficient if it has the following requisites:

"  .   .   .   .

"6. The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation."

He also cites and relies upon Elmore v. State, 126 Tex.Cr.R. 519, 73 S.W.2d 107 (1934); McJunkins v. State, 37 Tex.Cr. App. 117, 38 S.W. 994 (1897) and Robels v. State, 5 Tex.App. 346 (1879).

We recognize that there is authority to support the appellant's contentions.[1] However, a different result based on sounder reasoning was reached in Terrell v. State, 41 Tex. 463 (1874), decided one hundred years ago. In that case a similar question was presented. We quote from the opinion in that case as follows:

"The caption and body of the indictment, taken together, purport to be a finding of the grand jury of Smith county, in the District Court, at the November term, 1873. In the margin, in connection with the copy of the indictment as contained in the transcript, is the entry by the clerk: 'Indictment filed Nov. 28, 1874.' In the introductory part of the transcript it is recited that this case came on for trial at the September term, 1874.

"  .   .   .   .

"  .   .   . The entry by the clerk is the authentic evidence of the act of filing. If the indictment was found and returned by the grand jury in the District Court of Smith county, at the November term, 1873, as indicated by the indictment itself, and was then filed by the clerk, it was a valid indictment, notwithstanding the clerk, in the effort to furnish authentic evidence of the fact of filing, might make a mistake in the date of his entry in indorsing what is commonly called his filing upon it  .   .   .

"  .   .   .   .

"  .   .   . Defendant having failed to make that exception before trial and conviction, cannot be heard to make it in arrest of judgment, even if the indictment was liable to that exception in this case.

"  .   .   .   ."

See also Scrivener v. State, 44 Tex.Cr.R. 232, 70 S.W. 214 (1902); Corley v. State, 168 Tex.Cr.R. 632, 331 S.W.2d 60 (1959); Holmes v. State, 110 Tex.Cr.R. 566, 9 S.W. 2d 742 (1927); McCoy v. State, 106 Tex. Cr.R. 593, 294 S.W. 573 (1927).

In the cases at bar the indictments allege the commission of the offenses in October, 1972, a date anterior to their presentment by the Grand Jury subsequently empaneled for the November, 1972 term.[2]

The date of filing usually noted on an indictment is evidence of the date of the

1. See 21A Texas Digest, Indictment and Information, ☞87(3) and Annotation 22 following Article 21.02, V.A.C.C.P. where many cases are digested and noted. Many are distinguishable from the case at bar but some are not.

2. We note that the record before us contains a copy of portions of the minutes of the District Courts of Harris County showing that each of the indictments questioned here was presented and received in open Court on January 4, 1973.

presentment of the indictment by the Grand Jury but in these cases it is obvious that the filing date noted on each indictment results from a clerical error. These convictions should not be reversed because of such a clerical error when it was not raised before trial. Any case which may be interpreted to require a different result is overruled.

The judgments are affirmed.

Opinion approved by the Court.