COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RUBEN RODRIGUEZ MONTANO,                   )

                                                                              )              
No.  08-04-00282-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )               
143rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Reeves County, Texas

Appellee.                           )

                                                                              )           
(TC# 00-03-06402-CRR)

                                                                              )

 

 

O
P I N I O N

 

Appellant waived
his right to be indicted by indictment by a grand jury and pled guilty to the
offense of delivery of a controlled substance as alleged in the
information.  On appeal, Appellant raises
two issues.  In Issue One, Appellant
contends that his waiver to his right to a grand jury indictment was not given
intelligently, voluntarily, and knowingly. 
In Issue Two, Appellant challenges the trial court=s jurisdiction to hear his case due to
an insufficient criminal information.  We
affirm.








Appellant was
charged by information of the offense of delivery of a controlled substance,
namely heroin.  After pleading guilty,
Appellant was punished to 10 years of deferred adjudication and imposed a
$5,000 fine.  Approximately four years
later, the State filed a Motion to Adjudicate Guilt.  The trial court entered an order issuing
capias for Appellant=s
arrest for violating the terms and conditions of his community
supervision.  Thereafter, Appellant was
assessed a punishment of 12 years=
confinement.

Appellant filed a
motion for new trial, wherein he alleged fundamental error on the face of the
indictment because the date the offense committed was reflected as August 27,
1999, and the filed date of the indictment was stamped March 20, 1999.  The District Clerk of Reeves County filed a
Motion to Correct the Record, making the representation that the filing date
that appeared on the information was incorrectly stamped and that the actual
filing date was March 20, 2000.  In
response, Appellant filed a Motion to Quash and Objections to District Clerk=s Motion to Correct Record, asserting
that the district clerk lacked standing to file such motion.  At the hearing on Appellant=s motion for new trial and the motion
to correct the record, the State adopted the district clerk=s motion.  The trial court then issued an order granting
the Motion to Correct and ordered the correction of the file mark.  Further, the trial court overruled Appellant=s motion for new trial.  Appellant now timely files this appeal.  

In Issue One,
Appellant complains that the trial court failed in properly admonishing him as
to his rights to a grand jury indictment. 
Appellant alleges that the trial court Asimply
told him of his right to a grand jury indictment and then asked if he wished to
proceed on a criminal information.@  Appellant contends that such cursory
explanation resulted in the failure of his waiver of a right to a grand jury by
indictment to be given in an intelligently, voluntarily, and knowingly manner.  








Under the Texas
Constitution article I, section 10, when charged with a felony, an individual
has a constitutional right to be indicted by a grand jury.  See Tex.Const.
art. I, ' 10.  A felony prosecution must be based on an
indictment, unless the indictment is waived. 
State v. Chardin, 14 S.W.3d 829, 831 (Tex.App.--Austin 2000, pet.
ref=d). 
Texas law allows indictment to be waived in any noncapital felony
case.  Tex.Code
Crim.Proc.Ann. art. 1.141 (Vernon 2005) states:

A person represented by legal counsel
may in open court or by written instrument voluntarily waive the right to be
accused by indictment of any offense other than a capital felony.  On waiver as provided in this article, the
accused shall be charged by information.

 

For a waiver of an indictment to be
effective under Article 1.141, it must be intelligently, voluntarily, and
knowingly given by the accused while represented by counsel.  Lackey v. State, 574 S.W.2d 97, 100
(Tex.Crim.App. 1978); King v. State, 473 S.W.2d 43, 44 (Tex.Crim.App.
1971); Garrett v. State, 625 S.W.2d 809, 810 (Tex.App.--Houston [14th
Dist.] 1981, no pet.).  When the record
reflects that a defendant waived his or her right to an indictment and such
waiver fully complied with Article 1.141, it is not error to try the defendant
on a felony information.  Ex parte
Hunter, 604 S.W.2d 188, 190 (Tex.Crim.App. 1980).

The record in this
case contains a Waiver of Specified Constitutional Rights, which states in
pertinent part:

I am aware of my right to a trial,
including the right to . . . my right to service of a copy of the indictment or
information . . . .  If the grand jury
has not returned an indictment, I am aware that I have the right to be accused
by indictment.  I waive reading of the
indictment or information . . . .  All of
these rights have been explained to me by my attorney and by the judge of this
Court.  I wish to waive, or give up, all
of these rights and enter my plea of guilty as charged in the indictment or
information.

 








The waiver was filed and signed on
March 20, 2000 by the Appellant, by Appellant=s
attorney[1],
and by the trial judge approving such waiver. 


At the deferred
adjudication hearing held also on March 20, 2000, the following exchange took
place between the trial judge, the Appellant, and Appellant=s counsel:

The
Court:        Now, Mr. Montano, no one can
make you go to trial on an Information - that=s
something where the State of Texas files a piece of paper with the Clerk and he
alleges that you=ve
committed a crime.

In this country, no
one can be made to go to trial on a felony case unless a grand jury return an
indictment.  You understand that?

 

Appellant:         Yes, sir.

 

The
Court:        Now, you have a right to give
up that grand jury indictment and to proceed on this Information if you want to
do that.  Is that what you want to do?

 

Appellant:         Yes, sir.

 

The
Court:        Do you agree with your
client=s
decision, Mr. Albidrez?

 

Defense:           I do, Your Honor.

 

The
Court:        Now, even so, this
Information is >hot
off the press= - it was
just filed this morning.  Do you
understand that?

 

Appellant:         Yes, sir.

 

The
Court:        Now, no one can make you go
to trial on an Information even if you waive a grand jury indictment until it=s been on file for two full days.

However, you have a
right to waive that two-day waiting period if you want to.  Do you want to give up that two-day waiting
period?

 

Appellant:         Yes, sir.

 








The trial judge proceeded to
inquire as to whether Appellant=s
attorney agreed with the Appellant=s
decision.  Appellant=s attorney stated that he did.  Then the trial judge inquired about Appellant=s Waiver of Specified Constitutional
Rights.  The trial judge asked the
Appellant whether he had carefully read the document before he signed.  Appellant represented to the court that he
had and that he had also reviewed the document thoroughly with his attorney.  The trial judge then noted that Appellant=s attorney had also signed the document
and proceeded to ask him if he had gone over the document carefully with the
Appellant prior to signing.  Appellant=s counsel represented to the court that
he had and that it was his belief that Appellant was making a free and
voluntary waiver of his rights with full knowledge of the consequences.

As the record
reflects, Appellant was represented by counsel at the time that he signed the
waiver of his constitutional rights, which included his right to be indicted by
a grand jury, and which he orally waived at the hearing.  We find that there is sufficient evidence in
the record to indicate the Appellant fully understood the waiver.  The Appellant points to no evidence in the
record disputing that the waiver was voluntarily and knowingly given.  On the contrary, after carefully reviewing
the record, we believe that the evidence is sufficient to show that Appellant=s waiver was given intelligently,
knowingly, and voluntarily.  We therefore
overrule Issue One.

In Issue Two,
Appellant argues that the trial court lacked jurisdiction to decided this case
because of an insufficient criminal information.  Specifically, Appellant argues that the
information contained a date for the alleged offense of August 27, 1999, but
the filed stamp date from the district clerk=s
office was March 20, 1999.  Appellant
argues that this mistake made the information insufficient under law.  








Appellant had an
affirmative duty to object to any defect in the indictment before trial, and a
failure to do so would prevent him from raising a claim of a defect for the
first time on appeal.  See Tex.Code Crim.Proc.Ann. art.
1.14(b)(Vernon 2005); Sanchez v. State, 120 S.W.3d 359, 364
(Tex.Crim.App. 2003).  An instrument is
deemed filed when it is left with the clerk, regardless of whether a file‑mark
is placed on the instrument.  See
Williams v. State, 767 S.W.2d 868, 871‑72 (Tex.App.‑‑
Dallas 1989, pet. ref=d),
citing Standard Fire Ins. Co. v. LaCoke, 585 S.W.2d 678, 680 (Tex.
1979); Queen v. State, 701 S.W.2d 314, 316 (Tex.App.‑‑Austin
1985, pet. ref=d); Phariss
v. State, 144 Tex.Crim. 234, 161 S.W.2d 1066, 1067 (1942).  A mistake in the date of filing the
indictment must be taken advantage of before or at the trial.  See Scivener v. State, 44 Tex.Crim.
232, 234, 70 S.W. 214, 215 (1902), citing Terrell v. State, 41 Tex. 463
(1874). 

A careful reading
of the record reflects that Appellant failed to timely object to the alleged
defect in the indictment.  Moreover,
Appellant concedes in his appellate brief that he failed to timely object, but
argues that Awhen
viewed in the light of the facts described in issue number one,@ such objection was impossible.  We refuse to agree with Appellant=s assertion.  We therefore express no opinion as to whether
Appellant=s
indictment was defective, and find that Appellant failed to properly preserve
such issue for review.  Issue Two is overruled.

Accordingly, the
judgment of the trial court is affirmed.

 

 

May
12, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]  Appellant=s
attorney=s
signature was preceded by the following statement: AI
approve all of the foregoing waivers, admonitions and stipulations and same
have been signed by Defendant with my advise [sic] and consent as defense
counsel.@