**Flemon Vernon McNEESE, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43837.**

Court of Criminal Appeals of Texas.

June 2, 1971.

Rehearing Denied July 14, 1971.

Harry A. Nass, Jr., San Antonio (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Lucien B. Campbell, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from a conviction for burglary with intent to commit theft; the punishment was assessed by the court at four years.

After being duly admonished, the appellant waived a jury and entered a plea of guilty before the court and made an application for probation. He agreed in writing to waive the confrontation of witnesses and agreed to the introduction of affidavits, written statements of witnesses and other documentary evidence as provided for in Article 1.15, Vernon's Ann.C.C.P.

The sufficiency of the evidence is challenged.

The appellant's affidavit which was admitted into evidence contained, among other things, the following:

"*  *  *  the said defendant is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment charging the offense of Burglary With Intent To Commit Theft are true and correct, and that the acts therein occurred in Bexar County, Texas."

He also agreed in the stipulation that some five exhibits were true and correct and that he was the identical person referred to in the exhibits.

Affidavits which were introduced into evidence reflect that the appellant was seen coming from the house of the injured party with a television set and his fingerprints were found on a whiskey bottle inside the house. It was also shown by affidavit that the house was broken into and the television set was taken without the consent of the owner.

The contentions in this case are the same as those presented in McNeese v. State, Tex.Cr.App., 468 S.W.2d 800 (against this appellant), and were answered adversely to him. For the reasons stated therein, the contentions are overruled.

The judgment is affirmed.