**Claud Welton WALLACE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 45060–45064.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 19, 1972.

Robert M. Jones, Dallas (Court appointed on appeal only), for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Appellant was convicted, on a plea of guilty, upon indictments for the separate offenses of rape, indecent exposure, fondling and two offenses of passing a forged instrument. He was assessed a penalty of twenty (20) years, fifteen (15) years, twenty (20) years, five (5) years and five (5) years, respectively. There was no showing that these sentences were cumulative.

Appellant's principal ground of error is that there is insufficient evidence to support his pleas of guilty. Specifically, he contends that the oral stipulations entered on his behalf are insufficient to support his convictions under Article 1.15, Vernon's Ann.C.C.P.

The record contains appellant's agreement to stipulate testimony by waiving the appearance, confrontation and cross-examination of witnesses and consenting to the introduction of testimony by affidavit, written statements of witnesses and other documentary evidence. It does not contain a written judicial confession.

After the court duly admonished appellant concerning the consequences of his plea, informed him of the penalties for each offense and swore him to testify, the State's counsel dictated into the record detailed stipulations concerning each particular offense, specifically stating what each witness would have testified to.

Appellant's counsel then questioned him:

"MR. GARNER: A few moments ago, I made certain waivers of your constitutional rights including the reading of the indictment in each case and the right to a trial by jury in each one of these cases and the appearance of witnesses for and against you in each one of the cases, and you also agreed that the assistant district attorney could stipulate prima facie cases into the record in each of the five cases; did I have your authority and permission to do this?

"THE DEFENDANT: Yes, sir.

"MR. GARNER: I further entered your plea of guilty to the indictments charged in each of these five cases. Do you now tell the Court under oath that I had your permission and authority to make these waivers and to enter your pleas of guilty in these five cases?

"THE DEFENDANT: Yes.

"MR. GARNER: Are you entering your plea of guilty in each of these five cases because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"MR. GARNER: *Are the matters stipulated by the District Attorney in each one of those cases substantially true and correct?*

"THE DEFENDANT: *Yes.*"

 The oral stipulations in question do no meet the requirements of Article 1.15, V.A.C.C.P., and will not, alone, support a plea of guilty.[1] However, a judicial confession will support such a plea. Drain v. State, 465 S.W.2d 939. Appellant contends that his testimony is not such a confession and cites Drain v. State, supra, wherein the court held that appellant's testimony was not a judicial confession, amounted only to additional admonishments concerning his plea and was, therefore, insuffi-

cient to support his conviction on a plea of guilty.

 However, in the case at bar, unlike Drain, supra, appellant testified that the matters stipulated by the District Attorney were *substantially true and correct,* thereby judicially admitting his guilt. Sprinkle v. State, Tex.Cr.App., 456 S.W.2d 387, Waage v. State, Tex.Cr.App., 456 S.W.2d 388.

There is no reversible error.

The judgment is affirmed.

---

1. Art. 1.15, V.A.C.C.P., as amended, was not in effect at the time of this trial.