**Cecil Doyle SWEETEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45341, 45342.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Melvyn Carson Bruder, Dallas (Court Appointed), for appellant.

Henry Wade, Dist. Atty., and Catharine T. Hill, Asst. Dist. Atty., Harris, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

Appellant was convicted for the separate offenses of felony theft and unlawfully carrying a pistol on licensed premises; the punishment, on pleas of guilty, four (4) years for each offense to run concurrently.

Appellant's sole ground of error is that there is insufficient evidence to support his pleas of guilty. Specifically, he contends that the oral stipulations entered on his behalf are insufficient to support his convictions under Article 1.15, Vernon's Ann.C.

**298**

C.P., since they were oral rather than written as required by the statute.[1]

The record contains appellant's waiver of trial by jury and his agreement to stipulate testimony by waiving the appearance, confrontation and cross-examination of witnesses and his consent to the introduction of testimony by affidavit, written statements of witnesses and other documentary evidence. It does not contain a written judicial confession.

After the court duly admonished appellant concerning the consequences of his plea, informed him of the penalties for each offense and swore him to testify, the State's counsel dictated stipulations concerning each offense, specifically stating what each witness would have testified to.

Appellant's counsel then questioned him:

"DEFENSE ATTORNEY: Is your name Cecil Doyle Sweeten?

"DEFENDANT: Yes.

"DEFENSE ATTORNEY: And you are the same Cecil Doyle Sweeten who is named in both of the Indictments which the prosecutor referred to when he stipulated the testimony?

"DEFENDANT: Yes.

"DEFENSE ATTORNEY: You heard the prosecutor read into the record certain testimony of witnesses. *Is that testimony, the way he read it, substantially true and correct?*

"DEFENDANT: *Yes.*"

 The oral stipulations in the case at bar are insufficient to support a plea of guilty under the provisions of Article 1.15, V.A.C.C.P., in effect at the time of appellant's trial. However, a judicial confession will support a plea of guilty. Drain v. State, Tex.Cr.App., 465 S.W.2d 939. From the foregoing testimony, it is apparent that the appellant testified that the matters stipulated by the defense attorney were *substantially true and correct* and thereby judicially admitted his guilt. See Wallace v. State, Tex.Cr.App., 478 S.W.2d 499 (1972) and the cases cited therein. See also Ex parte Keener, 166 Tex.Cr.R. 326, 314 S.W. 2d 93.

There is no reversible error.

The judgments are affirmed.

---

1. Art. 1.15, V.A.C.C.P., as amended, which now permits oral stipulations was not in effect at the time of this trial.