**Ronnie RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45587.**

Court of Criminal Appeals of Texas.

July 12, 1972.

John C. Ertel, San Antonio, for appellant.

Ted Butler, Dist. Atty., Fred Rodriguez and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the offense of burglary with the intent to commit theft. Upon appellant's plea of guilty before the court, punishment was assessed at four years.

Court-appointed counsel has filed a brief wherein he recites that after examination of the record, he finds the appeal to be "wholly frivolous and can find no real grounds for appeal." Attached to the brief is an acknowledgment of receipt of a copy of the brief by appellant stating that he has examined the same as well as the record in the case and approves of the statements contained in the brief.

In accordance with the requirements set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 and Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, appellant's counsel has set forth two contentions which might arguably support the appeal as follows: (1) The conviction is based in part on unsigned, unauthenticated police reports; (2) The record does not show an intent to commit theft.

The record contains appellant's judicial confession which was in writing, sworn to and introduced into evidence. This, standing alone, is sufficient to support the con-

viction. Article 1.15, Vernon's Ann.C.C.P.; Holder v. State, Tex.Cr.App., 469 S.W.2d 184; Soto v. State, Tex.Cr.App., 456 S.W. 2d 389; Waage v. State, Tex.Cr.App., 456 S.W.2d 388.

The record reflects that appellant and his counsel, together with the attorney representing the State, stipulated that the exhibits, of which the police reports were a part, could be considered as part of the statement of facts and that such stipulated evidence was true and correct.

After a thorough examination of the record before us, we find ourselves in agreement with counsel's conclusion that this appeal. is frivolous.

The judgment is affirmed.

Opinion approved by the Court.