Hubert WILEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 45777.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 6, 1972.

George S. McCarthy, Fairweather & Hale, Stokes, Carnahan & Fields by Robert Carnahan, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Canyon, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for felony theft of grain sorghum wherein the punishment was assessed at 6 years.

The one-count indictment alleged that the alleged offense occurred "on or about the 1st day of December A.D. 1970" and that the corporeal personal property belonged to Bruce Lusk.

On October 5, 1971, the appellant waived trial by jury and entered a plea of guilty before the court after being duly admonished by the court as to the consequences of his plea. He then took the witness stand and made a judicial confession.

On appeal, appellant contends the evidence is insufficient to sustain the conviction for theft since the evidence "shows only the offense of embezzlement." See Article 1534, Vernon's Ann.P.C.

He cites 21 Tex.Jur.2d Embezzlement and Conversion § 6, p. 587, for the proposition

". . . that a conviction for embezzlement proper cannot be sustained under an indictment charging theft, and that one may not be convicted of theft under an indictment charging embezzlement. . . ."

In support of his contention, he calls attention to his testimony elicited by the District Attorney that he was "the night manager of the mill," that he was in charge of "the whole works," and that, at night, he took the position of Mr. Lusk and that of Mr. Shiplett.

It has been somewhat difficult to assess appellant's contention since he was the only witness to testify and his testimony is mostly rambling, disjointed and often unresponsive to the questions asked.

It does appear that the appellant learned that Frank O'Donald and Mack Hudgins were stealing grain from the feed yard and then joined them in their operation. Apparently, over a period of several months, some $12,000 worth of grain was taken. It appears from appellant's testimony that some of the grain was taken at night when he would take the other employee to the northwest end of the yard so the employee would not see anything.

The indictment charged the alleged felony theft offense occurred on or about December 1, 1970. It is observed that the appellant testified that he had read the indictment and understood it, and he was then questioned, by the prosecutor, as follows:

"Q. Are the allegations in it true?

A. Yes, sir.[1]

Q. All right. That is, on December 1, 1970, you did take grain sorghum of the value of over $50.00 from the Randall County Feed Yard, and you realize that Bruce Lusk is the manager—

A. Yes.

Q. —of the Randall County Feed Yard, and was at that time, and that you took it in Randall County, Texas?

A. Yes, sir.

Q. All right. With the intent to convert it to your own use and benefit and deprive Mr. Lusk of the benefit of it?

A. Yes, sir.

Q. All right. Now, you are guilty of that offense? A. Yes, sir."

Subsequently, he testified, as follows:

"Q. Before they got into the Ryder truck, like for example the one the theft

---

1. This was sufficient to constitute a judicial admission that he committed the theft alleged. See Rodriguez v. State, 375 S.W.2d 289 (Tex.Cr.App.1964).

on December 1st—I believe they realized a total of $1500.00 out of it.

A. I believe so, I believe that is—I heard that brought out.

Q. You went with them to the elevator *that morning*?

A. I went with them to the elevator, . . ." (Emphasis added.)

As we read the record, the appellant, at the time of the alleged offense, was neither in custody nor possession of the grain that was taken and we deem the evidence sufficient to show that the appellant was a co-principal to the theft on the date in question and to support the judgment entered upon his guilty plea. *Cf.* Roeder v. State, 39 Tex.Cr.R. 199, 45 S.W. 570 (1898).

"Embezzlement is the fraudulent appropriation of property of another by a person to whom it has been entrusted. . . ." 21 Tex.Jur.2d Embezzlement and Conversion § 1, p. 578.

See Article 1534, supra, and, see also 146 A.L.R. 532, Anno., Larceny and Embezzlement—Distinction.

As noted earlier, the evidence as to all the transactions was not as clearly developed as it might have been. We need not decide whether, on some other occasion, the taking of the grain might have constituted embezzlement rather than theft. The State relied upon the date of December 1, 1970, and the evidence is sufficient to sustain the allegations of the indictment.

Next, appellant contends that the conviction cannot stand because he "did not benefit in any manner from the particular theft charged."

The appellant testified that he had received between $1100 and $2000 from the sale of his share of the grain taken on the various occasions. He related that he kept records of the sales of grain he made so that he could report the same on his federal income tax return. In addition, he admitted the allegations of the indictment were true.

He relies upon the following portion of his testimony:

"Q. Well, now, you're not saying that —as I recall, the load on December 2, 1970, there was a return of $1500.00 on that?

A. Yes, sir, I believe that is right.

Q. Do you recall how that was split?

A. George, that particular load, I didn't get a penny of it, but the one or two loads before, I did.

Now, that money there on that load was used to take a vacation, if I am not mistaken, but on that one particular load, now, most of the loads I did get some out of, but that one particular one I did not."

There is nothing in the record to show that there was only one taking of grain on the dates of December 1st and 2nd. The fact that he denied receiving any benefit from the load taken on December 2nd does not mean he did not benefit from the load taken on December 1st, which transaction the State relied upon.

We find no merit in the appellant's contention. The judgment is affirmed.