**Gary Noonan SEYMOUR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45950.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

---

Malcolm Dade, Dallas (On Appeal), for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of breaking and entering into a motor vehicle with intent to commit theft.

Trial was before the court on a plea of guilty. The punishment was assessed at two years.

Appellant's only ground of error is that the evidence is insufficient to support his plea of guilty. He contends that the oral stipulations made at his trial do not meet the requirements of Article 1.15, Vernon's Ann.C.C.P.

The record contains appellant's agreement to stipulate testimony by waiving the appearance, confrontation, and cross-examination of witnesses and consenting to the introduction of testimony by affidavit, written statements of witnesses and other documentary evidence. It does not contain a written judicial confession.

Upon being duly admonished by the court as to the consequences of his plea and the penalty for his offense, the appellant was then sworn in order for him to testify. The State's counsel then dictated into the record detailed stipulations concerning the offense, specifically stating what each witness would have testified to. Appellant's counsel then questioned him:

> "MR. CHITWOOD: All right, Gary you heard the District Attorney here read testimony into the record, is it true and correct as it was given?

> "THE DEFENDANT: Yes, sir."

The oral stipulations in question did not meet the requirements of Article 1.15, supra, in effect at the time of the trial and will not, alone, support the plea of guilty.[1] The testimony of the appellant constitutes a judicial confession and is sufficient to support such a plea. Wallace v. State, Tex.Cr.App., 478 S.W.2d 499.

No reversible error being found, the judgment is affirmed.

---

1. Article 1.15, V.A.C.C.P., as amended by Acts 1971, 62nd Leg., Ch. 996, Sec. 1, p. 3028, was not in effect at the time of this trial (March 28, 1969). The record did not reach this Court until July 18, 1972.