**Ernest MILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46109.**

Court of Criminal Appeals of Texas.

Nov. 1, 1972.

T. P. Henley, San Antonio, for appellant.

Ted Butler, Dist. Atty., G. E. Wilcox and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is passing as true a forged instrument; the punishment, upon a plea of guilty to the court, two (2) years.

Appellant's two grounds of error are brought forward without any citation of authority or discussion. Consequently they are not in compliance with Article 40.09, Section 9, Vernon's Ann.C.C.P. However, we will briefly discuss appellant's first contention.

Appellant contends the evidence is insufficient to support the judgment.

The record reflects appellant waived his right to trial by jury and contains appellant's affidavit in which he agrees to stipulate testimony by waiving the appearance, confrontation, and cross-examination of witnesses and consents to the introduction of testimony by affidavits, written statements of witnesses, and other documentary evidence. Appellant's affidavit, which was admitted into evidence also stipulates the exhibits admitted into evidence are true and correct and further states that: "All the acts and allegations in said indictment charging the offense of Passing as True a Forged Instrument are true and correct . . . ."

The affidavits from the witnesses reveal appellant passed a money order which was stolen earlier from another establishment.

The evidence is sufficient to support the judgment. McNeese v. State, Tex.Cr.App., 468 S.W.2d 801; Edwards v. State, Tex. Cr.App., 463 S.W.2d 733; Edwards v. State, Tex.Cr.App., 478 S.W.2d 473.

The judgment is affirmed.