**Steven Carl DAGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46471.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 25, 1973.

Abel Toscano, Jr., Harlingen, for appellant.

F. T. Graham, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of marihuana. Appellant entered a plea of nolo contendere; the court assessed the punishment at four years.

▆ Complaint is made that the stipulation is insufficient. The authorities relied upon were under Article 1.15, Vernon's Ann.C.C.P., before it was amended in 1971. A written agreement to stipulate was signed by appellant and his counsel. The prosecutor summarized the evidence which was introduced on the motion to suppress. The evidence introduced as State's Exhibits 1 and 2 on the motion to suppress in the record and at the trial reflects that the appellant and others possessed some 93 pounds of marihuana. The stipulation contains a recital that each allegation in the indictment is true and correct. The stipulation complied with Article 1.15, supra, and the evidence is sufficient to support the conviction.

▆ The contention that Article 725b, Vernon's Ann.P.C., setting out the classification of marihuana as a narcotic drug,

**584**

is arbitrary and violative of the Fourteenth Amendment of the United States Constitution is overruled as it has been in many cases, e. g. Willoughby v. State, Tex.Cr. App., 481 S.W.2d 893.

Likewise, the complaint that the punishment of four years is cruel and unusual is overruled. Cook v. State, Tex.Cr. App., 467 S.W.2d 421; Parson v. State, Tex.Cr.App., 432 S.W.2d 89.[1]

No error is shown. The judgment is affirmed.

---

1. The clerk is to be commended for the preparation of an excellent record. One volume contains the indictment and other instruments filed with the clerk. It contains docket sheet entries neatly typed on regular legal sized paper. This aids the Court because some of the photocopies of docket sheets are illegible in some cases. A separate volume contains the evidence. The briefs are separate as they should be. See Zambrano v. State, Tex.Cr.App., 478 S.W.2d 500.