Sandra Ann **SPRUELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46615.

Court of Criminal Appeals of Texas.

March 7, 1973.

David F. Farris, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., J. J. Heinemann and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers,

State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal results from a conviction for felony theft wherein the punishment was assessed at 10 years.

On April 4, 1972, appellant entered a plea of guilty before the court to the indictment after waiving trial by jury.

The sole contention on appeal is that the evidence is insufficient in light of Article 1.15, Vernon's Ann.C.C.P., to support the conviction. We do not agree.

After being sworn, the appellant took the stand and testified she had heard the indictment read. Then she was asked:

"Q. Was each and every allegation contained in that indictment true and correct?

"A. Yes, sir."

In Alvarez v. State, 374 S.W.2d 890 (Tex.Cr.App.1964), this same or similar catch-all question was asked the defendant while he was on the stand, and this court held that the same constituted a judicial confession and needed no corroboration to support the conviction. See also Rodriquez v. State, 375 S.W.2d 289 (Tex.Cr. App.1964); Sexton v. State, 476 S.W.2d 320 (Tex.Cr.App.1972).

Appellant does not dispute the fact there was a judicial confession, but relies upon the prosecutor's subsequent questions when he attempted to track the indictment where he used the name Jim Reed rather than Bill Reed alleged in the indictment as the owner.

The record reflects the following:

"Q. Then, you are the same Sandra Ann Spruell who on the 30th day of November, 1971, did unlawfully and fraudulently take from the posses-sion of Jim Reed one man's suit over the value of fifty dollars, the same being the corporal (sic) personal property and belonging to the said Mr. Reed without his consent and with the intent then and there on your part to deprive Mr. Reed of that property and to appropriate it to your own use and benefit?

"A. Yes, sir.

"Q. This did occur here in Fort Worth, Tarrant County, Texas?

"A. Yes, sir."

We hold that mistaken reference to the complaining witness's first name was not sufficient to undo the judicial confession previously made.

We find the evidence is sufficient to support the judgment entered upon a plea of guilty.

The judgment is affirmed.