**James Roy Dewitt BROWN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46538.**

Court of Criminal Appeals of Texas.

March 7, 1973.

Richard L. Petronella, Houston, for appellant.

Carol Vance, Dist. Atty., Pyllis Bell and John B. Holmes, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, upon a plea of guilty, sixteen (16) years.

Appellant's two grounds of error contend the evidence is insufficient to support his plea of guilty under Article 1.15, Vernon's Ann.C.C.P.

The record reflects that appellant waived his right to trial by jury and entered into a sworn, written stipulation of evidence in which he stated:

"I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case: That on or about the 10th day of May, A.D., 1970, here in Harris County, Texas I did then and there voluntarily and with malice aforethought kill Earnest Brooks by hitting and beating him with a hammer and other blunt instrument, and that these other means were to the Grand Jury unknown."

After the court duly admonished appellant concerning the consequences of his plea and informed of the possible penalties, the State dictated a stipulation into the record stating how each witness would have testified. The appellant then took the stand and acknowledged his written confession.

Appellant's written judicial confession which admits the allegation in the indictment is sufficient to sustain the conviction. Moss v. State, Tex.Cr.App., 468 S.W.2d 807; Drain v. State, Tex.Cr.App., 465 S.W.2d 939; Edwards v. State, Tex.Cr.App., 463 S.W.2d 733; Smith v. State, Tex.Cr.App., 416 S.W.2d 425.

Finding no reversible error, the judgment is affirmed.