**Charles E. MORRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 197–84.**

Court of Criminal Appeals of Texas, En Banc.

April 30, 1986.

Leave To File Motion for Rehearing Denied March 23, 1988.

Allen C. Isbell (on appeal), Houston, for appellant.

---

John B. Holmes, Jr., Dist. Atty. and James C. Brough and Mel Pechacek, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted in a bench trial upon his plea of "nolo contendere" to an indictment charging him with possession of cocaine. As a result of a plea bargain the State waived and abandoned the two prior felony convictions alleged in the indictment for the enhancement of punishment. The trial court assessed the recommended punishment of seven years' imprisonment. It was agreed that appellant would appeal the trial court's adverse ruling on his pretrial motion to quash the indictment as was his right under Article 44.02, V.A.C.C.P. The notice of appeal given was so limited.

On appeal, however, the sole ground of error urged was there was "no evidence to support the plea of guilty (sic)."[1] The State argued the Court of Appeals was without jurisdiction under Article 44.02, V.A.C.C.P., because the appeal was limited to the ruling on the pretrial motion and that had not even been urged on appeal. Citing *Carter v. State*, 656 S.W.2d 468 (Tex.Cr.App.1983), the Court of Appeals ruled that where a claim of no evidence was raised to support an essential element of the offense, it could review the asserted error "in the interest of justice." It then proceeded to find that the judicial confession contained in the written stipulation was sufficient to support the plea of nolo contendere under Article 1.15, V.A.C.C.P. *Morris v. State*, (Tex.App.—Houston [1st] 1983—No. 01–82–0534–CR). Appellant's petition for discretionary review was granted to determine the correctness of the Court of Appeals' decision.

An examination of the record shows that the parties made clear to the trial court that appellant desired to appeal "on mat-ters raised by motion prior to trial." The record also reflects:

"THE COURT: Do you understand now, in the event I do follow the plea bargaining agreement, that *you will have no right whatsoever to appeal this matter*, except with the permission and consent of the court, or *except for matters pertaining to motions filed prior to the trial?* Do you understand?

"DEFENDANT: *Yes, sir.*

"THE COURT: *The Court* will follow the plea bargaining agreement and will accept the plea of no contest and *will permit* the *defendant to appeal this matter based on the motions filed prior to the trial."* (Emphasis added.)

At the time of the sentencing appellant's counsel stated for the record that the notice of appeal was being tendered to the clerk of the court for filing. The written notice of appeal filed reflects "that Defendant desires to appeal from the action of the court in overruling and denying Defendant's Motion to Quash Indictment which had been filed in this cause."

A separate motion by appellant to permit appeal on the court's overruling of the motion to quash the indictment, and a written order by the court granting and limiting the appeal to that matter are also in the record as of the date of the plea of nolo contendere.

Under Article 44.02, V.A.C.C.P., the appeal was thus limited solely to the question of the court's ruling on the pretrial motion to quash the indictment.

Several months after appellant's brief was due in the Court of Appeals it was still not filed, so that Court extended the time for filing and ordered appellant's counsel to file a brief. When still no brief was filed, the Court of Appeals entered another order directing the trial court to remove counsel and appoint another attorney to represent the appellant on appeal.

Appellant's second counsel filed a brief advancing a sole ground of error, to-wit:

[1] The plea was in fact a plea of nolo contendere.

"The conviction should be reversed because there is no evidence to support the plea of guilty."

The argument advanced was that this was a "no evidence" case and thus a violation of due process had occurred. Reference was made to State's Exhibit No. 1 as the only evidence offered. No mention was made of Article 1.15, V.A.C.C.P.

No effort by brief or otherwise was made to urge error in the overruling of the motion to quash the indictment upon which the limited appeal was permitted.

Article 44.02, V.A.C.C.P., as amended in 1977,[2] provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, *provided,* however, *before the defendant who has been convicted upon* either *his plea* of guilty or plea of *nolo contendere before the court* and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by *the defendant* and his attorney *may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial....*"

The main thrust of the 1977 amendment was to reduce the appellate case load by eliminating appeals where the defendant had entered a plea of guilty or nolo contendere before the court as a result of a plea bargain and the punishment assessed did not exceed that agreed upon. Thus defendants in the described situation have no right to appeal unless the permission of the trial court is obtained, except the right to appeal is retained as to those *matters* raised by written motion filed prior to trial, regardless of the trial court's permission.

In the instant case notice of appeal was given only as to a matter raised by pre-trial motion. Under Article 44.02, supra, no other matter was appealable.

The only right of a defendant to appeal is a statutory right. See Article 44.02, supra; *Powell v. State,* 99 Tex.Cr.R. 276, 269 S.W. 443 (App.1925); *Savage v. State,* 155 Tex. Cr.R. 576, 237 S.W.2d 315 (App.1951); *Ex parte Paprskar,* 573 S.W.2d 525 (Tex.Cr. App.1978); *Ex parte Spring,* 586 S.W.2d 482 (Tex.Cr.App.1978).[3]

Thus appeals are within the control of the Legislature. "In the exercise of its powers, the Legislature may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in prosecuting an appeal." 21 Tex.Jur.3rd, Crim.Law, § 1606, p. 404; *De-Silva v. State,* 98 Tex.Cr.R. 499, 267 S.W. 271 (App.1925).

The Court of Appeals recognized that no alleged error as to the overruling of the motion to quash was raised on appeal, but only the sufficiency of the evidence or no evidence question. That Court wrote:

"The appellant's ground of error was not discussed in his pre-trial motion to quash, nor did the appellant have the consent or permission of the trial court to file this appeal. However, if there is no evidence to support an essential element of the offense, fundamental error exists and the court may review the error in the interest of justice. *Carter v. State,* 656 S.W.2d 468 (Tex.Cr.App. 1983)."

*Carter* held that the Court of Appeals may review fundamental error in the interest of

**2.** Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977.

**3.** There is no federal constitutional right to state appellate review of state criminal convictions. *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Jones v. State,* 630 S.W.2d 353 (Tex.Cr.App.1983); 21 Tex.Jur.3rd, Crim.Law, § 1606, p. 402.

The Texas Constitution does not refer directly to the right of a defendant to appeal a criminal conviction. It does provide that criminal appellate jurisdiction in the Court of Criminal Appeals is subject to such exceptions and such regulations as provided in the Constitution or as prescribed by law. See Article V, § 5, Tex. Const.; 21 Tex.Jur.3rd, Crim.Law, § 1606, p. 403. With regard to the appellate jurisdiction of the Court of Appeals, see Article V, § 6, Tex. Const.

justice. *Carter* dealt with authority to review an unassigned error when the court has jurisdiction of the cause on appeal. Here the court did not have jurisdiction of the cause on appeal. The Court of Appeals' reliance on *Carter* was misplaced.

Nevertheless the Court of Appeals proceeded to review appellant's "no evidence" claim, and found the evidence sufficient to support the conviction, though Article 1.15, V.A.C.C.P., was not mentioned.

We conclude that the Court of Appeals was without jurisdiction to entertain the appeal. Thus this Court is also without jurisdiction except to dismiss the appeal. And this we shall do.[4]

The judgment of the Court of Appeals is reversed and the appeal is ordered dismissed.

CLINTON, Judge, dissenting.

Appellant has been blindsided!

The trial court found appellant guilty on his plea of "nolo contendere" to an indictment charging him with possession of cocaine. Pursuant to a plea bargain arrangement whereby the State dropped two enhancement paragraphs from the indictment, the trial court assessed the recommended punishment of seven years confinement. All parties agreed that appellant would appeal the trial court's ruling on his pretrial motion to quash the indictment.

Instead, in his sole ground of error before the First Court of Appeals in Houston appellant challenged the sufficiency of the evidence to support his plea as required by V.A.C.C.P., Article 1.15. In an unpublished opinion that court rejected the State's responsive contention that it had no jurisdiction to entertain appellant's ground of error under V.A.C.C.P., Article 44.02, since the trial court had not given appellant permission to appeal this point. The court of appeals ruled that where the assertion is made that no evidence was raised to support an essential element of the offense, it could review the asserted error in the interest of justice, citing *Carter v. State*, 656 S.W.2d 468 (Tex.Cr.App.1983). Having so ruled, however, the court of appeals then found the written stipulation entered into by appellant to contain a judicial confession, sufficient to support the plea under Article 1.15, supra.[1] *Morris v. State*, (Tex. App.—Houston [1st], No. 01–82–0534–CR, delivered December 15, 1983). We granted appellant's petition to review the court of appeals' finding in this regard.

The State also filed a petition for discretionary review, alleging substantially that which they had argued unsuccessfully to the court of appeals but upon which the majority now relies in overruling appellant's petition, *viz.*, that the court of appeals was without jurisdiction to entertain appellant's sufficiency claim in the first place due to operation of Article 44.02, supra. On June 6, 1984, however, the Court *refused* the State's petition for discretionary review. Now, without affording him notice or an opportunity to be heard on the matter, the majority has ignored appellant's petition for discretionary review and

4. It should also be observed that only recently in *Ex parte Williams*, 703 S.W.2d 674 (Tex.Cr. App.1986), this Court held that a defendant who pleads guilty or nolo contendere cannot collaterally attack the sufficiency of the evidence to support the conviction. This is exactly what the appellant sought to do here.

1. Article 1.15, supra, reads:
   "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

resurrected the State's. The "decision" of the court of appeals which we initially and specifically agreed to "review," V.A.C.C.P., Article 44.45(b)(1), has been forgotten. To this action I cannot accede.

Considering the merits of *appellant's* petition for discretionary review, I would sustain his ground for review, and reverse and remand for entry of a judgment of acquittal. Because the majority does not, I dissent.

The only evidence introduced at the plea hearing was State's Exhibit No. 1, a form "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION." By way of this document appellant waived his right to the appearance, confrontation and cross-examination of witnesses, in writing and in open court, as required by Article 1.15, supra. He also thereby consented to the oral and written stipulation of evidence and to the introduction of any affidavits, written statements of witnesses and any other documentary evidence. Other than the instant form, however, there was no such documentary evidence introduced.

The "judicial confession" purportedly contained in this document consists of a recitation of the allegations in the indictment, *viz:* that on February 23, 1982 the appellant did unlawfully "intentionally and knowingly possess a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants." Following this recitation appears on the printed form: "I understand the above allegations and I confess that they are true and that the acts alleged above were committed on (Feb. 23, 1982)." Through handwritten deletion and interlineation this phrase was modified, presumably by appellant's counsel, to read: "I understand the above allegations and I *plead 'no contest' to the acts above alleged to have been* committed on (Feb. 23, 1982)." The document was sworn to by appellant, and signed by the judge presiding. The court of appeals held this to constitute a judicial confession, sufficient in itself to support the conviction.

A number of methods of satisfying the evidence requirement of Article 1.15, supra, short of a full blown presentation of witnesses and physical evidence, have been recognized and approved by this Court. Thus, affidavits or statements of witnesses and stipulations as to what witnesses would testify to if present have been found sufficient so long as every element of the alleged offense was embraced therein.[2] When the defendant has also stipulated that what those witnesses would testify to is "substantially true and correct," we have deemed it a judicial confession,[3] though certainly in this context the confessional component is superfluous.[4] We have also

---

2. *Hammond v. State,* 470 S.W.2d 683 (Tex.Cr. App.1971). See also *Edwards v. State,* 478 S.W. 2d 473 (Tex.Cr.App.1972); *Adam v. State,* 490 S.W.2d 189 (Tex.Cr.App.1973); *Brown v. State,* 491 S.W.2d 135 (Tex.Cr.App.1973); *Lee v. State,* 505 S.W.2d 816 (Tex.Cr.App.1974); *Trevino v. State,* 519 S.W.2d 864 (Tex.Cr.App.1975); cf. *Brewster v. State,* 606 S.W.2d 325 (Tex.Cr.App. 1980); *Gary v. State,* 647 S.W.2d 646, n. 1 (Tex. Cr.App.1983); *Brown v. State,* 617 S.W.2d 196 (Tex.Cr.App.1981), *rev'd on other grounds; Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *Snyder v. State,* 629 S.W.2d 930 (Tex.Cr.App.1982).

3. *Sprinkle v. State,* 456 S.W.2d 387 (Tex.Cr.App. 1970); *Waage v. State,* 456 S.W.2d 388 (Tex.Cr. App.1970). See also *DeGay v. State,* 455 S.W.2d 205 (Tex.Cr.App.1970); *McNeese v. State,* 468 S.W.2d 801 (Tex.Cr.App.1981); *Richardson v. State,* 482 S.W.2d 645 (Tex.Cr.App.1972); *Miles v. State,* 486 S.W.2d 326 (Tex.Cr.App.1972).

4. It must be conceded that prior to the 1971 amendment to Article 1.15, supra, expressly authorizing oral stipulations, see n. 10 *post,* this confessional component sometimes made all the difference. This is so because defendants who testified under oath that they had heard the oral stipulation and that what was contained therein was "substantially true and correct" were said to have "judicially confessed" to the offense, notwithstanding that the oral stipulation itself would not be considered evidence in support of the judgment. *Wallace v. State,* 478 S.W.2d 499 (Tex.Cr.App.1972); *Sweeten v. State,* 479 S.W.2d 297 (Tex.Cr.App.1972); *Seymour v. State,* 486 S.W.2d 341 (Tex.Cr.App.1972). See also *Ex parte Keener,* 166 Tex.Cr.R. 326, 314 S.W.2d 93 (1958).

Also, prior to our recent decision in *Morgan v. State,* 688 S.W.2d 504 (Tex.Cr.App.1985), the confessional component would have had the effect of denying an accused pleading guilty pursuant to a plea bargain a meaningful review

held that a judicial confession alone is sufficient to support a conviction under Article 1.15, supra. *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.1980).[5] Accordingly we have sustained convictions where the accused has sworn, in writing or by testimony, that he committed the alleged offense, specifically admitting each element thereof.[6] Additionally we have held the evidence sufficient when the accused has confirmed, by sworn testimony or written stipulation, that he had read and understood the indictment and that it was "true and correct,"[7] or that he committed the particular offense alleged therein.[8]

The change made in the instant form effectively transformed what would undoubtedly have constituted a judicial confession, *viz:* "I understand the above allegations and I confess that they are true," see *Dinnery v. State*, supra,[9] into a simple, albeit sworn acknowledgment that appellant was in fact pleading no contest to the charge. The question arises whether his having sworn that he does not choose to contest the allegations provides "evidence ... showing the guilt of [appellant]" in satisfaction of Article 1.15, supra.

While it is true, as the court of appeals recognized, that a plea of no contest has the same legal effect as a plea of guilty, V.A.C.C.P., Article 27.02(5); *Snyder v. State*, 629 S.W.2d 930 (Tex.Cr.App.1982); *Brewster v. State*, 606 S.W.2d 325 (Tex.Cr.

App.1980); and that the legal effect of a guilty plea, and ergo, a plea of nolo contendere, is an admission of guilt of the offense charged, a naked plea of guilty or no contest before the judge will not support conviction under Article 1.15, supra. *Dinnery v. State*, supra. Simply to invest the plea itself with the trappings of an oath does not elevate it to the status of evidence. Appellant merely swore to the fact that he understood the indictment and was pleading no contest to it. This does not amount to confirmation that such allegations are true and correct or that appellant committed the offense so alleged. Patently, as modified, the stipulation constitutes neither a "judicial confession" nor any other manner of evidence contemplated under Article 1.15 as necessary to support the trial court's judgment. See *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1980).

In *Drain v. State*, 465 S.W.2d 939 (Tex. Cr.App.1971) an oral stipulation was dictated into the record in support of the judgment. Because as Article 1.15, supra, read at that time it did not authorize conviction upon oral stipulations,[10] the Court proceeded to examine the defendant's sworn testimony at the plea hearing. As set out, 465 S.W.2d at 940, that testimony was:

"Q: Your name is Dyon Weslie Drain?

A: Yes, sir.

Q: And you heard me make several waivers for you, and did I have the

of suppression matters raised pretrial as otherwise accorded by V.A.C.C.P., Article 44.02.

5. But see *id.,* at 348, n. 11 (Clinton, J., opinion on original submission).

6. *Soto v. State*, 456 S.W.2d 389 (Tex.Cr.App. 1970); *Drain v. State*, 465 S.W.2d 939, 940, n. 1 (Tex.Cr.App.1971); *Tyler v. State*, 476 S.W.2d 291 (Tex.Cr.App.1972); *Schreiber v. State*, 480 S.W.2d 688 (Tex.Cr.App.1972); *Knight v. State*, 481 S.W.2d 143 (Tex.Cr.App.1972); *Higginbotham v. State*, 497 S.W.2d 299 (Tex.Cr. App.1973). See also *Alvarez v. State*, 374 S.W.2d 890 (Tex.Cr.App.1964); *DeGay v. State*, supra; *East v. State*, 476 S.W.2d 292 (Tex.Cr.App.1972); *Brown v. State*, supra; *Cevalles v. State*, 513 S.W.2d 865 (Tex.Cr.App.1974); *York v. State*, 566 S.W.2d 936 (Tex.Cr.App.1978). Cf., *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App.1979).

7. *Sexton v. State*, 476 S.W.2d 320 (Tex.Cr.App. 1972); *Spruell v. State*, 491 S.W.2d 115 (Tex.Cr. App.1973); *Daggett v. State*, 492 S.W.2d 583

(Tex.Cr.App.1973); *Dinnery v. State*, supra. See also *Alvarez v. State*, supra; *Rodriguez v. State*, 375 S.W.2d 289 (Tex.Cr.App.1964); *DeGay v. State*, supra; *McNeese v. State*, supra; *Wiley v. State*, 486 S.W.2d 769, 770, n. 1 (Tex.Cr.App. 1972); *Miles v. State*, supra; *Adam v. State*, supra; *Brown v. State*, supra; *Cevalles v. State*, supra; *York v. State*, supra; cf., *LaFlore v. State*, 595 S.W.2d 862 (Tex.Cr.App.1980); *Brown v. State*, supra; *Gary v. State*, supra.

8. *Potts v. State*, 571 S.W.2d 180 (Tex.Cr.App. 1978).

9. But see this writer's dissenting opinion, *Dinnery v. State*, supra, at 354, nn. 11, 12 and 13.

10. Article 1.15, supra, was subsequently amended to allow oral stipulations, Acts 1971, 62nd Leg., p. 3028, ch. 996, § 1, eff. June 15, 1971.

right to make those waivers for you?

A: Yes, sir.

Q: And are you guilty of this charge and are you pleading guilty because you are guilty and for no other reason?

A: Yes, sir."

This was held not to constitute a judicial confession, and the conviction was reversed. For this Court to have held otherwise would have been tantamount to approving convictions in bench trials upon the entry of the guilty or nolo contendere plea alone, so long as the plea was entered under oath. "Thus, without any statutorily authorized process the accused [would be] convicted on what is essentially no more than his plea—the very vice the statute was designed to combat!" *Dinnery v. State*, supra, at 359, n. 14 (Clinton, J., dissenting). This we should refuse to do.[11]

Accordingly, I would hold that the purported "JUDICIAL CONFESSION" in the instant case was not "evidence" for purposes of supporting the trial court's judgment pursuant to Article 1.15, supra.

The State refers us to the following colloquy from the statement of facts at the hearing on appellant's plea:

"[PROSECUTOR]: This is a plea of guilty, Mr. Morris, and have you discussed with your attorney the effect of your signing this document?

DEFENDANT: Yes, sir.

[PROSECUTOR]: Now is it true that you are pleading no contest to the fact that you possessed cocaine?

DEFENDANT: Yes, sir, I am.

[PROSECUTOR]: In a quantity of less than twenty-eight grams; is that correct?

DEFENDANT: Yes, sir."

The State argues that because appellant thus stated he did not contest the *fact* that he possessed cocaine, (rather than, as in State's Exhibit No. 1, that he did not contest the *allegation* he possessed cocaine),

he thereby *orally* judicially confessed to the alleged offense. Any analysis of this asserted distinction is pretermitted, however, by the fact that the above colloquy was not sworn testimony. Appellant had not taken the witness stand and was not under oath. Therefore, as in *James v. State*, 640 S.W.2d 910, 911 (Tex.Cr.App. 1982) (Onion, P.J., concurring on refusal of petition for discretionary review without written opinion), "[t]here was no judicial confession as such."

Because "the evidence introduced by the State to show the guilt of [appellant] and accepted by the trial court fail[s] as a matter of law to constitute sufficient evidence to support the judgment of conviction," *Thornton v. State*, supra, at 348, an acquittal is mandated. See also *LaFlore v. State*, 595 S.W.2d 862 (Tex.Cr.App.1980).

The judgment of the court of appeals should be reversed and the cause remanded to the trial court for entry of a judgment of acquittal.

Nevertheless, as the majority addresses and decides the *State's* petition in this cause, I find I must dissent to its resolution of that question as well.

In *Carter v. State*, 656 S.W.2d 468 (Tex. Cr.App.1983) the Court opined:

"Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute."

*Id.*, at 469. The State argues, and now the Court holds, that Art. 44.02, supra, is a "valid restrictive statute," limiting *jurisdiction* of the court of appeals under its terms to "those matters which have been raised by written motion filed prior to trial" or those matters not raised timely but nonetheless appealable by virtue of the accused's having obtained "permission of the trial court." I cannot agree.

Prior to amendment in 1977, see Acts 1977, 65th Leg., p. 940, ch. 351, § 1, eff. August 29, 1977, Art. 44.02, supra, simply provided that "[a] defendant in any crimi-

---

**11.** To the extent that they undermine *Drain v. State*, supra, I would overrule the subsequent cases of *Cooper v. State*, 573 S.W.2d 533 (Tex.Cr.

App.1978) and *Craven v. State*, 607 S.W.2d 527 (Tex.Cr.App.1980).

nal action has the right of appeal under the rules hereinafter prescribed." Thus it is clear that before the 1977 amendment an accused in appellant's shoes had an unqualified, legislatively endowed *right* to appeal; and of course this Court had *jurisdiction,* as do now the various courts of appeals by operation of Article V, § 6, and V.A.C.C.P., Art. 4.03. Both the accused's right and the appellate court's jurisdiction extended to review of criminal cases involving pleas of guilty or nolo contendere, whether or not accomplished through the plea bargaining process.

However, though the right to appeal was given under Art. 44.02, supra, even to an accused pleading guilty or nolo contendere, it was held as a matter of decisional law that by so pleading an accused had waived appellate determination of certain matters. As properly stated, the rule which has come to be called the *"Helms"* rule, after *Helms v. State,* 484 S.W.2d 925 (Tex.Cr. App.1972), reads:

> "The guilty plea under the circumstances is conclusive as to the defendant's guilt, admits all the facts charged and *waives all non-jurisdictional defects in the prior proceedings."*

*King v. State,* 687 S.W.2d 762, 766 (Tex.Cr. App.1985) (Clinton, J., Concurring). Accordingly, prior to amendment of Art. 44.02 in 1977 an accused pleading guilty or nolo contendere was said to have waived appellate complaint as to such matters as lawfulness of a search, voluntariness of a confession, competency to stand trial or sufficiency of the charging instrument. He had *not* waived, however, defects in the entry of the plea itself, such as an improper admonishment under V.A.C.C.P., Art. 26.13, or, as in the instant cause, insufficiency of the evidence required by Art. 1.15, supra, to support the judgment of conviction. See *King v. State,* supra. Presumably, then,

the majority would have reached the merits of appellant's present contention had it been brought before the 1977 amendment to Art. 44.02.

The effect of the 1977 amendment, as noted by a panel of the Court in *Ferguson v. State,* 571 S.W.2d 908, 910 (Tex.Cr.App. 1978), was to abrogate the *Helms* rule as it applied to those plea bargains wherein punishment assessed does not exceed the agreed recommendation of the State. Apparently the purpose behind such legislative abrogation was "to conserve judicial resources by encouraging guilty pleas" where an accused would otherwise find it necessary to force a full trial on the merits in order to preserve error in the trial court's ruling on a pretrial matter.[12] See also *Morgan v. State,* 688 S.W.2d 504 (Tex. Cr.App.1985); *Prochaska v. State,* 587 S.W.2d 726 (Tex.Cr.App.1979).

The Court now reads post 1977 Art. 44.02 to foreclose appeal of a claim which would have been cognizable by an appellate court *in spite* of the *Helms* rule *prior to* the 1977 amendment. If indeed it is agreed that Art. 44.02 was amended in order to abrogate the *Helms* rule under the prescribed circumstances, it is absurd now to read the amendment to cut off an appellate avenue that *Helms* itself had left open.

In the instant cause *jurisdiction* of the court of appeals was invoked when notice of appeal was given, albeit notice of appeal as to "the action of the court in overruling and denying [appellant's] Motion to Quash Indictment." *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Cr.App.1981). Thus, exercise of the court of appeals' reviewing function "is limited only by its own discretion or a valid restrictive statute." *Carter,* supra. Because I do not interpret amended Art. 44.02 to restrict review of alleged deficiencies in the entry of the plea itself, e.g.,

---

**12.** The majority perceives the "thrust" of the 1977 amendment to be to reduce the appellate caseload by eliminating appeals in cases in which defendants have received the benefit of their bargains. But, properly understood, present Art. 44.02 is a *permissive* rather than a restrictive statute. It essentially renders what were formerly regarded as "windy" appeals due to operation of the *Helms* rule cognizable on their merits, at least so long as a plea bargain has been followed and the defendant has filed a motion prior to trial or obtained permission from the trial court to appeal a late filed motion. Thus, the true effect of the amendment is to *increase* rather than reduce the number of cases on the appellate docket which must be disposed of on their merits.

improper admonishment or insufficient evidence, I would hold that the court of appeals could properly entertain appellant's ground of error in this cause, "in the interest of justice" or otherwise.

For the foregoing reasons I respectfully dissent.

TEAGUE, J., joins.

## ON APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

Appellant's motion for rehearing on petition for discretionary review denied.

CLINTON, J., joined by TEAGUE and DUNCAN, JJ., dissenting.

CLINTON, Judge, dissenting.

At the threshold it should be noted that since September 1, 1981, the rules of this Court have not in terms required a "motion for leave to file motion for rehearing." See former rule 309, Tex.Cr.App.R., and now Tex.R.App.Pro. Rule 230. Indeed, in this cause there is no motion for leave to file.

Nevertheless, rules promulgated November 30, 1977, provided for a motion for leave to file a motion for rehearing after initial disposition by the Court En Banc, but none was required for a motion for rehearing after initial disposition by a Court Panel. See former rule 11; cf. former rule 12(c). Without support in and contrary to current rules, the old ways still obtain. See former transitional rule 401,

Tex.Cr.App.R. Thus the caption of this opinion.

On original submission a new majority of the Court continued to demonstrate its will and determination to retreat from the holding of State constitutional dimension in *Thornton v. State,* 601 S.W.2d 340 (Tex.Cr. App.1980).[1] It began with *Ex parte Williams,* 703 S.W.2d 674 (Tex.Cr.App. 1986) (guilty pleading accused may not collaterally attack sufficiency of evidence to support conviction, but may challenge on direct appeal, *id.,* at 678). Recently it turned into full rout.

> "The failure to comply with such state statute [Article 1.15, V.A.C.C.P.] does not a federal constitutional violation make, nor does it render *Burks* [*v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)] and *Greene* [*v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978)] applicable to such proceedings so that the defendant who knowingly, intelligently and voluntarily enters a guilty plea goes free and stands acquitted for evermore of the crime to which he had pleaded guilty. To the extent that *Laflore v. State,* 595 S.W.2d 862 (Tex.Cr. App.1980), and *Thornton v. State,* 601 S.W.2d 340 (Tex.Cr.App.1980) (opinion on rehearing), and their progeny are in conflict with today's holding, they are overruled to the extent of the conflict."

*Ex parte Martin,* 747 S.W.2d 789 at 793 (Tex.Cr.App.1988). Never mind that the statute mandates *"in no event shall a person charged be convicted upon his*

---

1. Initially a Court Panel sustained the contention that "there was no evidence produced at appellant's plea of guilty to support the allegations in the indictment." In a straight forward opinion Judge W.C. Davis pointed out that the "judicial confession" admitted forgery "by making a writing," whereas the indictment alleged forgery "by passing," and following germane authorities concluded:

> "There is no other evidence contained [in the record] to support appellant's guilt of forgery by passing. [note omitted]. Since there is no evidence in the record to support appellant's conviction for forgery by passing, as alleged in the indictment, the judgment is reversed and the trial court is ordered to enter a *judgment of acquittal.*"

*Id.,* at 343 (my emphasis here and throughout).

On rehearing in response to the State's insistence that there was no applicable authority for ordering an acquittal in the premises, a majority of the Court ultimately found there was such authority in the Constitution of Texas, *viz:*

> "[W]e hold that the jeopardy provisions of Article I, § 14 of the Constitution of Texas and its implementing statutory provisions are fully applicable to a trial of a guilty plea where the evidence introduced by the State to show the guilt of an accused fails as a matter of law to constitute sufficient evidence to support the judgment of conviction."

*Id.,* at 348. The dissenters opted for consequences of a plea of guilty "in the [Federal] constitutional sense." *Id.,* at 348–349.

*plea WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE SAME.*"

In his motion for rehearing appellant argues:

"If this decision stands, in plea bargain situations, a trial court can abrogate the mandate of Article 1.15, V.A.C.C.P. with impunity by simply refusing appellant the right to appeal. Therefore, defendants who plea bargain in Texas may be convicted upon a plea of guilty or nolo contendere, even though no evidence is introduced upon which the Court may base his decision."

When he wrote the first sentence appellant correctly perceived the situation then extant. Now with *Martin* and its overruling *Thornton,* his conclusion in the second sentence proves he is prescient.

For the reasons given *ante* and in my dissenting opinion on original submission in this cause, and for reasons stated in my opinion dissenting to refusal of appellant's PDR in *Schwerdtfeger v. State,* 749 S.W.2d 781 (Tex.Cr.App.1988), to this judicial nullification of Article 1.15, V.A.C.C.P., I dissent.

TEAGUE and DUNCAN, JJ., join.