**B.Y. TATE, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00434–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 1988.

Rehearing Denied June 16, 1988.

---

Richard W. Tindal, Houston, Charles L. Smith, Bellville, for appellant.

Charles D. Houston, Dist. Atty., Waller County, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

OPINION

WARREN, Justice.

This is an appeal from a verdict entered on a guilty plea.

Appellant was indicted for capital murder. After reaching a plea agreement with the district attorney, appellant waived indictment and pled guilty to an information alleging murder. The trial judge accepted the recommendation of the attorneys, and assessed punishment at the recommended 45 years in prison. Further, the trial court refused to grant permission to appeal, and appellant filed no pre-trial motions in the murder case, although he had previously filed two motions in the capital murder case. In this appeal, appellant attempts to attack the sufficiency of the evidence underlying his conviction, the voluntariness of his guilty plea, the voluntariness of his stipulations to the evidence against him, and the effectiveness of trial counsel. We lack jurisdiction over the subject matter of such appeals; therefore we dismiss the appeal for want of jurisdiction.

Tex.Code Crim.P.Ann. art. 44.02 (Vernon 1987) provides that a defendant convicted before the court upon his plea of guilty or nolo contendere, and sentenced to a term not exceeding the recommendation of the prosecutor, as agreed to by himself and his attorney, forfeits all rights to appeal save upon those matters within the scope of a permission to appeal granted by the trial court, or which had been raised by written pre-trial motion. Because the appellant has not received the permission of the trial court to appeal, and since he does not complain in this appeal of matters raised in written pre-trial motions, a literal reading of art. 44.02 compels the result that the appellant has failed to present any complaint that this court is statutorily able to consider. *Morris v. State,* 749 S.W.2d 772 (Tex.Crim.App.1986).

In *Morris,* the appellant pled nolo contendere before the court to the charge of possession of cocaine, and signed a form entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION."

This form was the only evidence admitted against him at the bench trial on his plea. Before signing this stipulation and judicial confession, Morris scratched through the phrase "I understand the above allegations and I confess that they are true ...," and replaced it with the following: "I understand the above allegations and I plead 'no contest' to the acts above alleged...." As part of the plea bargain, the State abandoned the enhancement allegations of the indictment, and recommended punishment at seven years in prison. The trial court convicted Morris and assessed the recommended punishment. The trial court granted permission to appeal only the court's overruling of a pre-trial motion to quash the indictment. On appeal, Morris attacked only the sufficiency of the evidence supporting his conviction. This Court found that Morris' attack upon the sufficiency of evidence underlying the conviction raised a question of fundamental error under the terms of Tex.Code Crim.P.Ann. art. 1.15 (Vernon 1987), and reviewed the alleged error in the interest of justice, citing *Carter v. State*, 656 S.W.2d 468 (Tex.Crim.App. 1983). We then affirmed the conviction on the merits, holding that the evidence was sufficient to support the conviction under art. 1.15. *Morris v. State*, No. 01–82–0534–CR (Tex.App.—Houston [1st Dist.] 1983) (unpublished op.), *rev'd*, 749 S.W.2d 772 (Tex.Crim.App.1986).

The Court of Criminal Appeals dismissed the appeal, holding that under the terms of art. 44.02, neither our court nor the Court of Criminal Appeals had jurisdiction of the cause on appeal. The court reasoned that, in plea bargain appeals, art. 44.02 restricts the jurisdiction of the appellate courts of this state to those matters allowed by the terms of the restrictive statute.

Here, although Tate filed several pre-trial motions against an indictment charging him with capital murder, the State dismissed the indictment as part of the plea bargain leading to the conviction in the present case. As part of the agreement, the State then filed a new case against Tate based upon an information charging the lesser offense of murder. Tate waived his right to an indictment at the plea hearing, and filed no pre-trial motions in this case. The trial court refused him permission to appeal.

Tate's appeal falls clearly within the terms of art. 44.02 and the holding of *Morris*, at least as to his attack upon the sufficiency of the evidence supporting his conviction. Under the interpretation of art. 44.02 in *Morris*, this Court lacks jurisdiction of no-permission plea bargain appeals raising insufficiency of the evidence for the first time.

Tate also attacks the voluntariness of his guilty plea, the voluntariness of the stipulation of evidence, and the effectiveness of trial counsel. We are unable to see how, in light of the jurisdictional basis of the *Morris* holding, we could now have subject matter jurisdiction over any matter not within the terms of the restrictive statute. This is true in spite of the obvious questions of fundamental error raised by these claims, and in spite of the fact that such claims *could not have been raised* prior to conviction. The court in *Morris* found that the legislature properly exercised its right to restrict the scope of appealable matters in enacting the 1977 amendment to art. 44.02, and that this statute effectively limits the jurisdiction of the courts to the terms of the law *and nothing else*. Since none of these matters were raised in pre-trial motions, and no permission to appeal was granted, this court lacks jurisdiction to consider them.

The appeal is dismissed for want of jurisdiction.