

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-92,964-01

---

### EX PARTE LAMARCUS TURNER, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-14-300921-A IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

---

**YEARY, J., filed a dissenting opinion in which KELLER, P.J. joined as to Part I.**

### <u>DISSENTING OPINION</u>

Applicant pled guilty to possession of a controlled substance, cocaine, with intent to deliver. Pursuant to his plea bargain, he waived his right to appeal and was sentenced to ten years' imprisonment. Applicant filed an application for writ of habeas corpus, in the county of conviction, alleging he is entitled to relief under two grounds, both stemming from the fact that new scientific evidence now reveals that the DNA used to show the contraband had been in his possession was inconclusive, and thus not inculpatory: (1) that his plea was involuntary; and (2) that his conviction was based on now-discredited scientific evidence, under Texas Code of Criminal Procedure Article 11.073. TEX. CODE CRIM. PROC. art. 11.073.

Today, the Court grants relief to Applicant on both grounds, following the State's agreement and the convicting court's recommendation. But Applicant is not entitled to relief under either ground. The Court's disposition is at odds with *Ex parte Palmberg*, 491 S.W.3d 804 (Tex. Crim. App. 2016), and Applicant pled guilty pursuant to a judicial confession, rendering Art. 11.073 inapplicable. Because Applicant is not entitled to relief on either of his proffered grounds, I must respectfully dissent.

## I.      Applicant's involuntary plea claim is controlled by *Palmberg*

Applicant's plea was not involuntary because, as was the case in *Palmberg*, "the record does not demonstrate that Applicant mistakenly believed he was guilty; it shows no more than that he may have overestimated the State's ability to ultimately *prove* he was guilty in the absence of his judicial confession." *Id.* at 811. A search of Palmberg, incident to his arrest, led to the discovery of a substance in his pocket which was tentatively determined, through field testing, to be cocaine.  *Id.* at 805–06. Two days later, the defendant entered a judicial confession and pled guilty to possession of a controlled substance. *Id.* at 806. Unbeknownst to the parties until almost eight years later, the entire substance was used up in the field test and subsequently could not be confirmed as cocaine through forensic laboratory testing. *Id.* On writ of habeas corpus, Palmberg contended that his plea was involuntary because, "without the laboratory analysis of the substance, the State would have had no evidence at trial." *Id.* at 807.

This Court rejected Palmberg's contention, stating that "[h]e demonstrate[d] only that he was unaware of the unavailability of certain forensic evidence that might or might not have substantiated his judicial confession." *Id.* at 811. At the time of the plea, both parties had operated under the assumption that Palmberg had possessed cocaine. The fact

that the cocaine was not available for confirmatory forensic verification showed "no more than that [the defendant] may have overestimated the State's ability to ultimately *prove* he was guilty in the absence of his judicial confession." *Id.*

In the present case, the DNA test that originally linked Applicant to the cocaine was subsequently retested after the DNA laboratory that did the original testing was audited and voluntarily closed after losing its accreditation. A subsequent DNA retest was deemed inconclusive. While the forensic evidence was available for retesting, the change in veracity of the DNA evidence does not simultaneously operate to modify the parties' assumption *at the time of the plea*: that Applicant possessed cocaine. The fact that Applicant "may have overestimated the State's ability" to prove he was guilty without his judicial confession, because of the DNA evidence, does not disprove that his plea was knowing and intelligent when he entered it. *Id.*; *State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013).

Moreover, an inconclusive DNA test is *not* an "objective and essentially irrefutable" fact that demonstrates that Applicant did not commit the offense. *See Ex parte Mable*, 443 S.W.3d 129, 130 (Tex. Crim. App. 2014) ("In this case, all parties involved, including the applicant, incorrectly believed the applicant had been in possession of drugs. This fact is crucial to this case, and while operating under such a misunderstanding, the applicant cannot be said to have entered his plea knowingly and intelligently."); *Palmberg*, 491 S.W.3d at 811 ("A defendant such as Mable, who has pled guilty because he believed he had committed a specific offense, when objective and essentially irrefutable facts demonstrate that he did not commit that offense, has not made an informed choice."). Applicant's case is like *Palmberg*, not *Mable*, in this respect: "[I]t cannot be said that [his]

judicial confession was demonstrably false or that he made that confession in the absence of definitive proof that it was inaccurate." *Palmberg*, 491 S.W.3d at 812 n.14.[1] The Court errs to grant relief on the basis that Applicant's guilty plea was involuntary.

## II. Applicant's judicial confession renders Article 11.073 inapplicable

What is more, both Applicant and the State also agree that Applicant is entitled to relief on his second claimed ground, under Article 11.073. I am not so sure. In this case, the State relied on Applicant's judicial confession, not the faulty DNA evidence itself, to support Applicant's guilty plea and secure his conviction. *See* TEX. CODE. CRIM. PROC. art. 1.15 (requiring the State to introduce evidence in support of a guilty plea). Given that Applicant's judicial confession is, by itself, sufficient evidence, I believe his Article 11.073 claim should be denied. The Court should certainly not summarily grant relief without at least further exploring this issue.

To be applicable, Article 11.073 requires, among other things, that the new scientific evidence serves to contradict other scientific evidence that was "relied on by the state at trial." TEX. CODE. CRIM. PROC. art. 11.073(a)(2).[2] In this case, however, in order to obtain Applicant's conviction, the State relied on nothing more than Applicant's judicial confession—which has long been recognized by this Court to be sufficient, standing alone,

---

[1] *See also* George E. Dix & John M. Schmolesky, 43B TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE§ 59:50 (Supple. 2020-2021), at 115 ("*Mable* is obviously limited to situations in which the habeas applicant shows a plea entered in ignorance of actual innocence."). We certainly do not have that situation in this case.

[2] Indeed, as far as I know, the Court has not even declared whether a guilty plea constitutes a "trial" for purposes of Article 11.073(a)(2). Even if so, however, for the reasons developed in the text *post*, Applicant has not shown the State "relied" on the faulty DNA evidence "at trial."

to support a conviction predicated on a guilty plea for purposes of Article 1.15.[3] Whether or not we agree that Applicant would satisfy Article 11.073(a)(2) had the State instead (or also) introduced the faulty DNA evidence in support of his guilty plea, or Applicant had stipulated to that evidence in support of his plea instead of judicially confessing, is irrelevant. The fact is that Applicant entered a valid judicial confession, and the State did *not* rely on the faulty DNA-testing evidence at trial to secure his conviction. For this reason, Applicant cannot meet the threshold requirement of Article 11.073(a)(2), and he should not obtain relief on this ground either.

Because the Court summarily grants habeas corpus relief without even addressing either of these substantial issues, I must respectfully dissent.

FILED:                December 15, 2021
PUBLISH

---

[3] *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) ("[S]o long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea."); *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) ("It is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea, and to satisfy the requirements of Article 1.15"); *Prochaska v. State*, 587 S.W.2d 726, 729 (Tex. Crim. App. 1979) ("[T]he admitted written sworn judicial confessions made and confirmed by appellant in open court fully sustain the convictions upon his guilty pleas under the provisions of Article 1.15"); *Richardson v. State*, 482 S.W.2d 645, 645 (Tex. Crim. App. 1972) ("The record contains appellant's judicial confession which was in writing, sworn to and introduced into evidence. This, standing alone, is sufficient to support the conviction."); *c.f. Snyder v. State*, 629 S.W.2d 930, 932 (Tex. Crim. App. 1982) ("The instant cause does not contain a 'catch-all' stipulation or a judicial confession consisting of an oral affirmation that allegations of the indictment are 'true and correct.' In the absence of such, appellant's stipulation . . . is not sufficient evidence, standing alone, to support his conviction.").